**BLANK ROME LLP**

The Chrysler Building

405 Lexington Avenue

New York, NY 10174

(212) 885-5000

Ira L. Herman

Philip M. Guffy

*Attorneys for Yuri Vladimirovich Rozhkov*
*in his Capacity as Trustee and Foreign*
*Representative for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:

       **LARISA MARKUS,**

                          Debtor in a Foreign Proceeding.

-------------------------------------------------------------x

Chapter 15

Case No. 19-10096 (   )

**VERIFIED PETITION UNDER CHAPTER 15 FOR**
<u>**RECOGNITION OF FOREIGN MAIN PROCEEDING**</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................III

JURISDICTION AND VENUE ........................................................................................1

BACKGROUND ...............................................................................................................2

    I.    Russian Insolvency Proceeding ..................................................................2

    II.    General Background .....................................................................................2

    III.    Events Leading Up To, and Current Status of, the Russian
        Insolvency Proceeding .................................................................................3

        A.    Ms. Marcus Purchases Property in New York ................................3

        B.    The Criminal Proceedings against Ms. Markus ..............................5

        C.    The Status of the Russian Insolvency Proceeding ..........................6

        D.    New York Actions Affecting the Debtor or Property in
            Which the Debtor May Have An Interest .......................................7

        ii.    40 Broad Street Portfolio Foreclosure Actions .............................7

        iii.    10WEA Foreclosure Action ...........................................................8

        iv.    HSBC Foreclosure Action .............................................................9

        v.    BG Atlantic, Inc. Action ...............................................................9

RELIEF REQUESTED .....................................................................................................10

BASIS FOR RECOGNITION AND RELIEF REQUESTED ..........................................11

    I.    The Petition Satisfies The Requirements Of Chapter 15 And The
        Russian Insolvency Proceeding Is Entitled To Recognition As A
        Foreign Main Proceeding .............................................................................11

        A.    The Russian Insolvency Proceeding Is a "Foreign
            Proceeding" ....................................................................................11

        B.    The Russian Proceeding Is "Foreign Main Proceeding" ...............12

        C.    Mr. Rozhkov Is An Appropriate "Foreign Representative" ..........13

        D.    Ms. Markus is Eligible to Be a "Debtor" Under Section 109
            of the Bankruptcy Code .................................................................14

        E.    The Petition Meets the Requirements of 11 U.S.C. § 1515 ..........14

    II.    Alternatively, the Russian Insolvency Proceeding Is A Foreign
        Non-Main Proceeding ..................................................................................16

    III.    Upon Recognition Foreign Representative Is Entitled To Relief
        Under 11 U.S.C. §§ 1520 and 1521 ............................................................17

        A.    Section 1520 Provides Automatic Relief to the Foreign
            Representative Upon Recognition ..................................................17

i

B.    Granting the Foreign Representative Relief under 11 U.S.C.
§ 1521 is Necessary and Appropriate .........................................................18

RESERVATION OF RIGHTS ............................................................................................19

SATISFACTION OF LOCAL BANKRUPTCY RULE 9013-1(A) ...........................................19

HEARING DATE AND NOTICE...........................................................................................20

CONCLUSION..................................................................................................................21

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                  **Page(s)**

*In re Application of Hill,*
   2005 WL 1330769 (S.D.N.Y. June 3, 2005) ...............................................................19

*In re Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd.,*
   Case No. 16-13534-mkv, Dkt. No. 24 (Bankr. S.D.N.Y.).........................................11

*In re Glitnir banki hf.,* No. 08-14757 (SMB), 2011 WL 3652764 (Bankr.
   S.D.N.Y. Aug. 19, 2011) .............................................................................................18

*In re Ionosphere Clubs, Inc.,*
   156 B.R. 414 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994) ........................18

*In re Lancaster Factoring Co.,*
   90 F.3d 38 (2d Cir. 1996) ............................................................................................19

*In re Oversight & Control Comm'n of Avánzit, S.A.,*
   385 B.R. 525 (Bankr. S.D.N.Y. 2008).........................................................................11

*In re Millenium Glob. Emerging Credit Master Fund Ltd.*
   471 B.R. 342 (Bankr. S.D.N.Y. 2012) .........................................................................18

*In re Sergey Petrovich Poymanov,*
   Case No. 17-10516-mkv, Dkt. No. 88 (Bankr. S.D.N.Y.) ........................................11

*In re SPhinX Ltd.,*
   351 B.R. 103 (Bankr. S.D.N.Y. 2006)..........................................................................18

*Intel Corp. v. Advanced Micro Devices, Inc.,*
   542 U.S. 241 (2004).....................................................................................................19

*Lavie v. Ran (In re Ran),*
   607 F.3d 1017 (5th Cir. 2010) ..............................................................................13, 16

**Statutes**

11 U.S.C. § 101(23)..........................................................................................................12
11 U.S.C. § 101(24)..........................................................................................................13
11 U.S.C. § 105(a)............................................................................................................10
11 U.S.C. § 109 ..................................................................................................................1
11 U.S.C. § 1501 ................................................................................................................1
11 U.S.C. § 1502..........................................................................................................12, 16
11 U.S.C. § 1507(a)..........................................................................................................10
11 U.S.C. § 1509(b)..........................................................................................................10
11 U.S.C. § 1515........................................................................................................10, 15
11 U.S.C. § 1516(c)..........................................................................................................13
11 U.S.C. § 1517........................................................................................10, 11, 12, 15
11 U.S.C. § 1519(a)..........................................................................................................19
11 U.S.C. § 1520........................................................................................................10, 17
11 U.S.C. § 1521........................................................................................10, 18, 19
28 U.S.C. § 157..............................................................................................................1, 2
28 U.S.C. § 1334................................................................................................................1
28 U.S.C. § 1410................................................................................................................2
28 U.S.C. § 1782..............................................................................................................18

**<u>Rules</u>**

Fed. R. Bankr. P. 1007(a)(4)........................................................................................................16
Fed. R. Bankr. P. 2004................................................................................................................18

Yuri Vladimirovich Rozhkov (the "Foreign Representative"), the financial administrator and foreign representative of Larisa Markus (the "Debtor" or "Ms. Markus") in Ms. Markus' pending insolvency proceeding (the "Russian Insolvency Proceeding") under the Russian Federation Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "Russian Bankruptcy Law"),[1] respectfully files this *Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding* (the "Verified Petition").[2]  The Verified Petition, along with all certified documents, statements, lists and documents required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), filed contemporaneously herewith, is filed in furtherance of (i) the Official Form Petition (collectively, with this Verified Petition, the "Petition") filed pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code") commencing a case under chapter 15 ancillary to the Russian Insolvency Proceeding; and (ii) seeking recognition of the Russian Insolvency Proceeding as a "foreign main proceeding."

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code, the *Standing Order of Referral of Cases to Bankruptcy Judges* of the United States District Court for the Southern District of New York (Ward, Acting CJ.), dated July 10, 1984, and the *Amended Standing Order of Reference M-431* dated January 31, 2012 (Preska, Acting CJ).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

---

[1] An English version of the Russian Bankruptcy Law is attached to the Russian Counsel Declaration (as defined in footnote 2 below) as Exhibit A.

[2] Filed contemporaneously with this Verified Petition is the *Declaration of Sergey Sokolov in Support of Verified Petition and Recognition Hearing* (the "Russian Counsel Declaration").  All exhibits referred to herein are attached to the Russian Counsel Declaration, together with certified translations where necessary. In addition, all capitalized terms not otherwise defined herein have the meaning ascribed to them in the Russian Counsel Declaration.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

### I.   RUSSIAN INSOLVENCY PROCEEDING

3.      On April 19, 2016, Bank VTB 24, a creditor of Ms. Markus, filed an application for the commencement of a personal bankruptcy proceeding against Ms. Markus under the Russian Bankruptcy Law.  The application for commencement was granted on April 22, 2016, by the Moscow Arbitrazh Court.  On October 18, 2016, the Moscow Arbitrazh Court entered an order granting the application of Bank VTB 24, initiating a debt restructuring procedure in respect of Ms. Markus and appointing the Foreign Representative as Ms. Markus' financial administrator (the "Commencement Order").  A copy of the Commencement Order is attached to the Russian Counsel Declaration as Exhibit F.

4.      On May 25, 2017 the Moscow Arbitrazh Court determined that there was no evidence that Ms. Markus was eligible for a restructuring of debts and that there was evidence that Ms. Markus is bankrupt and initiated a procedure to liquidate her assets. By the same judgment the Moscow Arbitrazh Court appointed the Foreign Representative as Ms. Markus' financial administrator to preside over the liquidation (the "Liquidation Order").  A copy of the Liquidation Order is attached to the Russian Counsel Declaration as Exhibit G.

5.      The Russian Insolvency Proceeding currently is pending under the Russian Bankruptcy Law.  (see discussion *infra* at Section II.C.).

### II.   GENERAL BACKGROUND

6.      Larisa Markus is a Russian citizen, born in Moscow, Russia.  From July 23, 1999, to her arrest on December 19, 2015, Ms. Markus resided in Moscow at Zoologicheskaya street 26, building 1, flat 24.  *See* Russian Counsel Declaration Exhibit B.  Currently, Ms. Markus is incarcerated in Moscow, Russia serivng a prison sentence of eight years and six months after being

convicted of embezzling money from Vneshprombank – a bank that she owned and managed.  *See* Letter from Investigator of Special Cases of the Second Division of the Organized Crime Investigation Department, attached to the Russian Counsel Declaration as <u>Exhibit C</u>.

7.    Despite her incarceration, Ms. Markus still maintains a legal and economic interest in several real estate parcels in Moscow, particularly the apartment located at Moscow, Zoologicheskaya street 26, building 1, flat 24 of 88.4 sq.m, cadastral number 77:00:0000000:65895.  *See* Russian Counsel Declaration <u>Exhibit B</u>.

## III.    EVENTS LEADING UP TO, AND CURRENT STATUS OF, THE RUSSIAN INSOLVENCY PROCEEDING

8.    Ms. Markus was the founder and shareholder of Vneshprombank, previously one of the largest Russian banks.  She served as president of Vneshprombank from September 29, 1995 to July 19, 2016.  As more fully set forth below, a Russian court determined that starting not later than May 2009, Ms. Markus, together with her accomplices, perpetrated a large-scale fraud by embezzling funds from Vneshprombank.  Currently, Vneshprombank is the subject of its own bankruptcy proceeding under the Russian Bankruptcy Law.  On February 15, 2017 this Court granted the petition of the Vneshprombank's trustee to recognize Vneshprombank's Russian bankruptcy proceeding as a foreign main proceeding.  *See* Case No. 16-13534-mkv, Dkt. No. 24.

### A.    <u>**Ms. Marcus Purchases Property in New York**</u>

9.    Upon information and belief, between 2004 and 2015, Ms. Markus formed at least ten companies in New York:  LM Property Management, LLC, LM Realty 24C, LLC, LM Realty 27D, LLC, LM Realty 31B, LLC, LM Realty 20A, LLC, LM Realty 23H, LLC, LM Realty 18

WEST, LLC, LM Realty 10C, LLC, First Integrated Construction, Inc. ("FIC") and Innovative

Construction Group, Inc. ("ICG") (collectively, the "LM Companies").[3]

10.    Most of the LM Companies were established for the purpose of owning

condominium and cooperative apartments in New York City.

11.    Between 2008 and 2015, Ms. Markus used over **$10 million** to purchase eight (8)

apartments in Manhattan either in her own name or in the name of the LM Companies, as follows:

| No. | Apartment | Initial Purchase/ Subsequent Transfer Date | Purchaser/Transferee | Amount |
|---|---|---|---|---|
| 1 | Apartment **31B**, 10 West End Avenue, New York, NY | June 26, 2008 | Ms. Markus | **$2,342,178** |
| | | August 31, 2010 | LM Realty 31B, LLC | No known consideration |
| 2 | Apartment **31C**, 10 West End Avenue, New York, NY | October 30, 2008 | Ms. Markus | **$ 3,029,293** |
| | | August 31, 2010 | LM Property Management, LLC | No known consideration |
| 3 | Apartment **27D**, 10 West End Avenue, New York, NY | May 27, 2009 | Ms. Markus | **$1,350,000** |
| | | August 31, 2010 | LM Realty 27D, LLC | No known consideration |
| | | October 14, 2015 (SOLD) | Sumauma Properties, LLC | **$2,200,000** |
| 4 | Apartment **24C**, 40 Broad Street, New York, NY | April 21, 2011 | LM Realty 24C, LLC | **$474,102** |
| 5 | Apartment **20A**, 40 Broad Street, New York, NY | April 21, 2011 January 9, 2019 (sheriff sale held) | LM Realty 20A, LLC | **$781,253** |
| 6 | Apartment **23H**, 40 Broad Street, New York, NY | April 21, 2011 | LM Realty 23H, LLC | **$1,134,187** |

---

[3] This information appears in the *MOTION OF LM REALTY 31B, LLC; LM REALTY 27D, LLC; LM REALTY 24C, LLC; LM REALTY 23H, LLC; LM REALTY 20A, LLC; LM REALTY 18 WEST, LLC; LM REALTY 10C, LLC; LM PROPERTY MANAGEMENT LLC; THE LARISA MARKUS REVOCABLE TRUST; PROTAX SERVICES INC.; PROTAX SERVICES CONSULTING, INC.; ILYA BYKOV; FIRST INTEGRATED CONSTRUCTION, INC.; AND INNOVATIVE CONSTRUCTION GROUP, INC. FOR ENTRY OF AN ORDER PURSUANT TO RULE 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE QUASHING THE SUBPOENAS ISSUED BY THE FOREIGN REPRESENTATIVE* in case No. 16-13534-mkv.  The motion was later amended, and the relevant paragraph was deleted.  The original motion is attached to the Russian Counsel Declaration as Exhibit L.

| No. | Apartment | Initial Purchase/ Subsequent Transfer Date | Purchaser/Transferee | Amount |
|---|---|---|---|---|
| 7 | Apartment **26A**, 18 West 48th Street, New York, NY | November 29, 2012 May 31, 2016 **(SOLD)** | LM Realty 18 WEST, LLC <br> Reuben Mordechay | **$2,165,000** <br> **$2,575,000** |
| 8 | Apartment **10C**, 50 Riverside Boulevard, New York, NY | December 4, 2015 | LM Realty 10C, LLC | **$5,095,250** |

12.    Two apartments (**27D** at 10 West End Avenue and **26A** at 18 West 48th Street) were sold in 2015 and 2016, respectively.

13.    All the apartments initially purchased in Ms. Markus's name have been transferred to the LM Companies.

14.    Upon information and belief, Ms. Markus retains an interest in the eponymously named LM Companies[4].

B.    **The Criminal Proceedings against Ms. Markus**

15.    In December 2015, Ms. Markus was arrested on charges of committing large-scale fraud, as president of Vneshprombank.  Under Russian law, large-scale fraud is the stealing of another person's property or the acquisition of the right to another person's property in an amount exceeding RUB 1,000,000 (approximately $14,400) by fraud or breach of trust.

16.    On May 12, 2017, after trial, Ms. Markus was convicted.  *See* Criminal Conviction, attached to the Russian Counsel Declaration as Exhibit D.  Thereafter, Ms. Markus appealed the conviction.  On August 15, 2017, the Judicial Division for Criminal Cases of the Moscow City Court partly amended the lower court ruling and ultimately sentenced Ms. Markus to eight years and six months of imprisonment.  *See* Appeal Decision, attached to the Russian Counsel Declaration as Exhibit E.

---

[4] *See* note 3 *supra*.

17.     Currently, Ms. Markus is incarcerated at the Federal State-Funded Institution Detention Centre No. 6 of the Moscow Department of the Federal Penal Service of Russia, at ul. Shosseynaya 92, Moscow. *See* Letter from Investigator of Special Cases of the Second Division of the Organized Crime Investigation Department, attached to the Russian Counsel Declaration as Exhibit C.

C.    **The Status of the Russian Insolvency Proceeding**

18.     The Moscow Arbitrazh Court issued a notice to creditors establishing August 3, 2017, as the bar date for creditors to file claims against Ms. Markus.  The notice of the claims bar date was published in the newspaper "Kommersant" and the Unified Federal Register of Bankruptcy Data.[5]

19.     On November 16, 2016, the Deposit Insurance Agency, as bankruptcy trustee of Vneshprombank, submitted a claim against the Debtor for recovery of debts under certain credit agreements in the amount of RUB 1,010,846,992.4 (approximately $15.2 million).  The Moscow Arbitrazh Court approved the bank's claim and included it into the register of creditors' claims on March 28, 2017.   *See* Moscow Arbitrazh Court's Ruling, attached to the Russian Counsel Declaration as Exhibit H.

20.     On July 26, 2017, the Deposit Insurance Agency, as bankruptcy trustee of Vneshprombank, submitted a claim against the Debtor for damages inflicted on Vneshprombank as a result of the crimes committed in her capacity as president of the bank in the amount of RUB 113,526,038,454.79 (approximately $1.7 billion).  The Moscow Arbitrazh Court rejected the claim by the ruling dated October 17, 2017.  On December 29, 2017, the Ninth Appeal Court reversed the ruling of the lower court, approved Vneshprombank's application, and included its claim in

---

[5] The Unified Federal Register of Bankruptcy Data is the primary means for providing notices regarding bankruptcy cases in Russia. The Unified Federal Register of Bankruptcy Data can be found at: http://www.bankrot.fedresurs.ru/.

the amount of RUB 113,526,038,454.79 ($1.7 billion) into the register of Ms. Markus' creditors. *See* Ninth Appeal Court Ruling, attached to the Russian Counsel Declaration as <u>Exhibit I</u>.

21.     At this time, there are two creditors in the register of creditors of Ms. Markus; (a) Vneshprombank having a claim of approximately $1.715 billion, representing 99.73% of votes, and (b) Bank VTB (PJSC) with a secured claim of approximately $4.6 million, representing 0.27% of votes.

22.     The term of the Russian Insolvency Proceeding has been extended through May 16, 2019 (and may be further extended).

23.     On December 18, 2018, the Deposit Insurance Agency, as bankruptcy trustee of Vneshprombank, submitted a claim in Veneshprombank's bankruptcy proceedings against Ms. Markus and other former officers of Vneshprombank seeking damages of RUB 218,989,872,000 (approximately $3,155,000,000) based on their actions as persons controlling Vneshprombank. On December 24, 2018, the Moscow Arbitrazh Court accepted this claim for consideration and scheduled a hearing for April 10, 2019.

D.     **New York Actions Affecting the Debtor or Property in Which the Debtor May Have An Interest**

ii.     *40 Broad Street Portfolio Foreclosure Actions*

24.     On November 2, 2017, 40 Broad Street Portfolio, LLC ("<u>40 Broad Street Portfolio</u>") commenced three foreclosure actions in the Supreme Court of the State of New York against three apartments owned by the LM Companies:  LM Realty 20A, LLC, LM Realty 23H, LLC and LM Realty 24C, LLC. *See 40 Broad Street Portfolio, LLC v. LM Realty 20A, LLC et al.,* Case No 850252/2017; *40 Broad Street Portfolio, LLC v. LM Realty 23H, LLC et al.,* Case No 850253/201*; 40 Broad Street Portfolio, LLC v. LM Realty 24C, LLC et al.,* Case No 850254/2017*.*

25.     In its complaint, among other things, 40 Broad Street Portfolio alleges that it provided loans to the LM Companies of $500,000 for each apartment subject to the foreclosure

action, secured by a separate mortgage on each such apartment – (units 20A, 23H and 24C in 40 Broad Street, New York, NY 10004). The said LM Companies allegedly failed to timely repay the mortgages.

26.     On October 26, 2018, the Supreme Court of the State of New York entered a default Judgment of Foreclosure adjudging and ordering the sale of Unit 20A at public auction, with the proceeds of such sale to be used to repay the debt owed. The was scheduled for January 9, 2019, in New York City. *See* Notice, attached to the Russian Counsel Declaration as Exhibit J.

27.     The actions against LM Realty 23H, LLC and LM Realty 24C, LLC are pending in the Supreme Court of the State of New York.

28.     Upon information and belief, LM Realty 20A, LM Realty 23H, and LM Realty 24C intentionally defaulted on 40 Broach Street Portfolio's mortgages to divert rental income to persons associated with Ms. Markus.

29.     Upon information and belief, 40 Broad Street Portfolio is associated with Ms. Markus and the foreclosures are a collusive attempt to sell the properties in question and divert the proceeds of such sales to persons associated with Ms. Markus. Moreover, unlike the HSBC Action described below, no attorney entered an appearance to defend the LM Companies.

###     iii.     *10WEA Foreclosure Action*

30.     On June 4, 2018, 10WEA Realty, LLC ("10WEA Realty") commenced a foreclosure action in the Supreme Court of the State of New York against LM Realty 10C, LLC – owner of Unit 10C in 50 Riverside Boulevard, New York, NY 10069. *See 10WEA Realty, LLC v. LM Realty 10C, LLC et al.*, Case No 850159/2018.

31.     10WEA Realty allegedly provided loans to LM Realty 10C, LLC of $3,000,000 secured by a mortgage on Unit 10C. LM Realty 10C, LLC allegedly failed to timely repay the loan.

32.     Upon information and belief, LM Realty 10C, LLC intentionally defaulted on the 10WEA Realty mortgage to divert rental income to persons associated with Ms. Markus.

33.     Upon information and belief, 10WEA Realty is associated with Ms. Markus, and the 10 WEA Action is a collusive attempt to sell the property and divert the proceeds to persons associated with Ms. Markus.  Moveover, unlike the HSBC Action described below, no attorney entered an appearance to defend the LM Companies.

### iv.     *HSBC Foreclosure Action*

34.     On November 19, 2018 HSBC Bank USA, N.A. ("HSBC") commenced an action in the Supreme Court of the State of New York against LM Realty 31B, LLC – owner of Unit 31B in 10 West End Avenue, New York, NY 10023. *See HSBC Bank USA, N.A. v. LM Realty 31B, LLC et al.*, Case No 850323/2018 (the "HSBC Action").

35.     HSBC provided loans to Ms. Markus and then to LM Realty 31B, LLC in the aggregate amount of $884,000, secured by a mortgage on the apartment (the "HSBC Mortgage"). The borrowers allegedly failed to make payments since August 2017.

36.     Upon information and belief, LM Realty 31B, LLC intentionally defaulted on the HSBC Mortgage to divert rental income to persons associated with Ms. Markus.

37.     Daniel Singer, who represents the LM Companies in the VPB Chapter 15 proceeding, represents LM Realty 31B, LLC in the HSBC Action.

### v.     *BG Atlantic, Inc. Action*

38.     On November 9, 2016, BG Atlantic, Inc. commenced an action against Ms. Markus in the Supreme Court of the State of New York, County of New York for recovery of damages for a breach of contract.  *See BG ATLANTIC, INC. v. Larisa Markus, Case No 655892/2016* (the "BG Action").  As alleged in the Complaint, "[i]n consideration for the oral agreements between [Ms.

Markus] and her debtors which were assigned to plaintiff, [Ms. Markus] agreed to pay the full outstanding debt" and failed to timely pay such amounts.

39.     The parties in the BG Action reached a settlement, but Ms. Markus allegedly defaulted.  On January 9, 2017, the court entered a $4.7 million judgment against Ms. Markus in favor of BG Atlantic, Inc.  The judgment is attached to the Russian Counsel Declaration as Exhibit K.

40.     Upon information and belief, the BG Action is collusive and designed to create the appearance that an unrelated third party has a judgment against Ms. Markus, while at all times relevant, BG Atlantic, Inc. has secretly been associated with Ms. Markus.  The complaint in the BG Action fails to allege any reasonable basis explaining why Ms. Markus would have assumed liability for another person, or the nature of such liability.

## **RELIEF REQUESTED**

41.     The Foreign Representative seeks entry of an order substantially in the form of the Proposed Order attached hereto and pursuant to sections 105(a), 1507(a), 1509(b), 1515, 1517, 1520, 1521 of the Bankruptcy Code, that:

(a)     grants the Petition in this case and recognizes the Russian Insolvency Proceeding as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code;

(b)     recognizes the Foreign Representative as the "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code in respect of the Russian Insolvency Proceeding;

(c)     gives full force and effect and grants comity in the United States to the Commencement Order;

(d)     enjoins all parties from commencing or taking any action in the United States to obtain possession of, exercise control over, or assert claims against the Debtor or her property; and

(e)     grants such other and further relief as the Court deems just and proper.

## BASIS FOR RECOGNITION AND RELIEF REQUESTED

I.    **THE PETITION SATISFIES THE REQUIREMENTS OF CHAPTER 15 AND THE RUSSIAN INSOLVENCY PROCEEDING IS ENTITLED TO RECOGNITION AS A FOREIGN MAIN PROCEEDING**

42.    Section 1517(a) of the Bankruptcy Code provides that the Court shall enter an order recognizing a foreign proceeding if "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502 [of the Bankruptcy Code]; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515" of the Bankruptcy Code.  11 U.S.C. § 1517(a); *In re Oversight & Control Comm'n of Avánzit, S.A.*, 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008).  "Such foreign proceeding shall be recognized . . . as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests."  11 U.S.C. § 1517(b).

43.    As a threshold matter, this Court has, in the past, entered orders recognizing Russian insolvency proceedings pursuant to Bankruptcy Code section 1517(a).  *See In re Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd.*, Case No. 16-13534-mkv, Dkt. No. 24 (Bankr. S.D.N.Y.); *In re Sergey Petrovich Poymanov*, Case No. 17-10516-mkv, Dkt. No. 88 (Bankr. S.D.N.Y.).  Moreover, for the reasons set forth below, the Russian Insolvency Proceeding should be recognized as a foreign main proceeding and the Commencement Order should be recognized and enforced because this chapter 15 case was properly commenced by a duly authorized foreign representative, the Russian Insolvency Proceeding qualifies as a foreign proceeding, and the foreign proceeding is pending in the country where the Debtor has her center of main interests.

A.    **The Russian Insolvency Proceeding Is a "Foreign Proceeding"**

44.    Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign
> country, including an interim proceeding, under a law relating to
> insolvency or adjustment of debt in which proceeding the assets and
> affairs of the debtor are subject to control or supervision by a foreign
> court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).  As discussed in the Russian Counsel Declaration, the Russian Insolvency

Proceeding is a judicial proceeding brought under the Russian Bankruptcy Law and is supervised

by a Russian court.  The Russian Bankruptcy Law provides for a controlled procedure designed to

maximize the value of the Debtor's assets and to realize these for the purpose of equitable

distribution among the Debtor's creditors.

45.     There can be no doubt that the Russian Insolvency Proceeding qualifies as a foreign

proceeding.  The court in Russia has exercised its authority, held hearings, and issued rulings

(including the appointment of the Foreign Representative).  Additionally, the Russian Insolvency

Proceeding is not for the benefit of a single creditor, but rather for the benefit of creditors in general

and for the purpose of liquidating the Debtor's assets.  Accordingly, the Russian Insolvency

Proceeding qualifies as a judicial proceeding in a foreign country.

### B.     **The Russian Proceeding Is "Foreign Main Proceeding"**

46.     In addition to qualifying as a "foreign proceeding" under section 101(23), the

Russian Insolvency Proceeding qualifies as a "foreign main proceeding".  A "foreign main

proceeding" is defined in the Bankruptcy Code as "a foreign proceeding pending in the country

where the debtor has the center of its main interests."  11 U.S.C. § 1502(4); *see also* 11 U.S.C.

§ 1517(b)(1) (providing that an order of recognition of a foreign main proceeding shall be entered

if the foreign proceeding that is subject to the petition "is pending in the country where the debtor

has the center of its main interests").  The statute also provides a presumption relative to this

definition: "[i]n the absence of evidence to the contrary, the debtor's registered office, or habitual

residence in the case of an individual, is presumed to be the center of the debtor's main interests."

11 U.S.C. § 1516(c).

47.     The Bankruptcy Code does not define "habitual residence," but it has been analyzed

to be similar to the concept of domicile – that is, physical presence in a location coupled with an

intent to remain in that location.  *Lavie v. Ran (In re Ran)*, 607 F.3d 1017, 1022 (5th Cir. 2010).

To establish a new domicile, an individual must demonstrate that it possesses a residence in a new

location and an intention to remain in the new location indefinitely.  *Id*.

48.     Here, Ms. Markus is a Russian citizen, her residence was in Moscow, Russia before

she was arrested in 2015, and she currently is in prison in Moscow, Russia.  Accordingly, the

Debtor's center of main interests is in Russia.

C.     **Mr. Rozhkov Is An Appropriate "Foreign Representative"**

49.     The term "foreign representative" is defined in section 101(24) of the Bankruptcy

Code as follows:

> [A] person or body, including a person or body appointed on an
> interim basis, authorized in a foreign proceeding to administer the
> reorganization or the liquidation of the debtor's assets or affairs or
> to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

50.     As set forth in the Commencement Order and the Liquidation Order, the Foreign

Representative was appointed by the court in Russia and is duly authorized to act as a trustee for

the Debtor.  The Foreign Representative is responsible for, among other things, preserving the

Debtor's property, compiling a register of creditors' claims, notifying creditors of the

commencement of the Russian Insolvency Proceeding, and preparing for the first meeting of

creditors.  Additionally, the Foreign Representative is authorized to commence this Petition and

seek recognition of the Russian Insolvency Proceeding.  *See* Russian Counsel Declaration at ¶¶ 11,

17 (it is the obligation of the Foreign Representative, as trustee, to take measures to find and

recover the Debtor's assets and the Foreign Representative is authorized, *inter alia*, to file any application necessary to search, find, and recover the Debtor's assets).

D.    **Ms. Markus is Eligible to Be a "Debtor" Under Section 109 of the Bankruptcy Code**

51.    Ms. Markus is eligible to be a "debtor" under section 109 of the Bankruptcy Code, because, among other things, Ms. Markus has property located in the State of New York.

52.    *First*, Ms. Markus is the sole shareholder of FIC, a New York corporation formed on March 10, 2004.[6]

53.    *Second*, Blank Rome LLP, as counsel to the Foreign Representative, holds an unapplied retainer, transferred to Blank Rome LLP for the benefit of Ms. Markus' estate, in a bank account in New York City.  Any unused portion of the retainer belongs to, and will be turned over to, the estate.  The unapplied retainer constitutes property of Ms. Markus' estate.

54.    *Third,* upon information and belief, Ms. Markus has an interest in the LM Companies to which she transferred real estate in this district.

55.    Accordingly, Ms. Markus is eligible to be a debtor under section 109 of Bankruptcy Code and venue is proper in this Court under applicable law.

E.    **The Petition Meets the Requirements of 11 U.S.C. § 1515**

56.    The third and final requirement for recognition of a foreign proceeding under section 1517(a) of the Bankruptcy Code is that the petition for recognition meets the procedural requirements of section 1515 of the Bankruptcy Code.  11 U.S.C. § 1517(a)(3).  Specifically, section 1515 of the Bankruptcy Code provides that:

(b)    A petition for recognition shall be accompanied by—

(1)    a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

---

[6] *See* note 3 *supra*.

14

(2)     a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

(3)     in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

(c)     A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

(d)     The documents referred to in paragraphs (1) and (2) of subsection (b) shall be translated into English. The court may require a translation into English of additional documents.

11 U.S.C. § 1515.

57.     Here, all such procedural requirements have been satisfied.  First, the Foreign Representative has submitted documents, translated into English, which evidence the existence of the Russian Insolvency Proceeding and the appointment of the Foreign Representative as foreign representative thereof, as required by sections 1515(b)(1)-(2) and (d) of the Bankruptcy Code.  *See* Russian Counsel Declaration Exhibits F and G.  Second, the Declaration of Yuri Vladimirovich Rozhkov contains a statement identifying the Russian Insolvency Proceeding as the only foreign insolvency proceeding currently pending with respect to the Debtor and satisfies the requirements of section 1515(c) of the Bankruptcy Code.  *See Declaration of Yuri Vladimirovich Rozhkov as Foreign Representative, Pursuant to 11 U.S.C. § 1515 and in Support of Verified Petition, and Recognition Hearing* filed contemporaneously herewith, at ¶ 13.  Finally, pursuant to Bankruptcy Rule 1007(a)(4), the required lists and statements were included with the Petition.

58.     As set forth above, each of the procedural prerequisites to recognition under section 1517 has been met.  Accordingly, the Foreign Representative respectfully requests that the Court

recognize (a) the Russian Insolvency Proceeding as a foreign main proceeding and (b) the Foreign

Representative as a foreign representative.

## II.    ALTERNATIVELY, THE RUSSIAN INSOLVENCY PROCEEDING IS A FOREIGN NON-MAIN PROCEEDING

59.    Alternatively, if the Russian Insolvency Proceeding does not qualify as a foreign

main proceeding – which it should – the Foreign Representative seeks recognition as a foreign

non-main proceeding.

60.    A foreign non-main proceeding is "a foreign proceeding, other than a foreign main

proceeding, pending in a country where the debtor has an establishment." 11 U.S.C. § 1502(5).

61.    An "establishment" is defined as "any place of operations where the debtor carries

out a nontransitory economic activity." 11 U.S.C. § 1502(2). In the context of an individual debtor,

the term "establishment" has been interpreted as a place where a person maintains a residence or

place of employment, the existence of which requires a purely factual determination. *In re Ran*,

607 F.3d at 1027 (holding that a secondary residence or place of employment could be an

"establishment").

62.    Ms. Markus has an "establishment" in Russia within the meaning of section 1502.

63.    *First*, at the time of commencement of the Russian Insolvency Proceeding, Ms.

Markus owned property in Russia and owned shares in various Russian companies located in

Moscow.  Her current residence (in prison) is in Moscow, Russia.

64.    *Second*, her bankruptcy and criminal case are pending in Russia.

65.    Accordingly, the evidence establishes that, at all relevant times, Ms. Markus was

carrying out non-transitory economic activity in Russia and the Verified Petition qualifies for

recognition as a foreign non-main proceeding.

III.    **UPON RECOGNITION FOREIGN REPRESENTATIVE IS ENTITLED TO RELIEF UNDER 11 U.S.C. §§ 1520 AND 1521**

   A.    <u>**Section 1520 Provides Automatic Relief to the Foreign Representative Upon Recognition**</u>

66.    Upon recognition of the Russian Insolvency Proceeding as a foreign main proceeding, section 1520 of the Bankruptcy Code prescribes certain forms of relief available to the Foreign Representative and respecting the Debtor's property within the territorial jurisdiction of the United States.  Such relief is granted automatically as a consequence of recognition and requires no further showing by the Foreign Representative to obtain such relief.

67.    Specifically, section 1520 of the Bankruptcy Code provides for the following relief:

   (1)    sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;

   (2)    sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;

   (3)    unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and

   (4)    section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States.

11 U.S.C. § 1520(a).

68.    Therefore, upon recognition, the Debtor is entitled to the benefit of the automatic stay provided under section 362(a) of the Bankruptcy Code in respect of all actions and proceedings against the Debtor.  Additionally, the Debtor is entitled to a stay of any action taken within the United States to recovery assets of the Debtor, including the 40 Broad Street Portfolio, 10 WEA Realty, HSBC, and BG Atlantic, Inc. actions set forth above.

B.      **Granting the Foreign Representative Relief under 11 U.S.C. § 1521 is
        Necessary and Appropriate**

69.      In addition to the relief automatically provided by section 1520 of the Bankruptcy

Code, section 1521 of the Bankruptcy Code provides that the court may grant a foreign

representative, in either a foreign main or foreign nonmain proceeding, "any appropriate relief"

subject to certain limitations (which do not apply here) where necessary to effectuate the purpose

of chapter 15.  11 U.S.C. § 1521(a).  Such relief may include "providing for the examination of

witnesses, the taking of evidence or the delivery of information concerning the debtor's assets,

affairs, rights, obligations or liabilities."  11 U.S.C. § 1521(a)(4).

70.      Courts have held that section 1521(a)(4) provides for not only the examination of

witnesses but the production of documents.  *See In re Millennium Glob. Emerging Credit Master

Fund Ltd.*, 471 B.R. 342, 346 (Bankr. S.D.N.Y. 2012) (holding that section 1521(a)(4) "enables a

Foreign Representative to take broad discovery concerning the property and affairs of a debtor,"

including doucment requests);[7] *In re SPhinX Ltd.*, 351 B.R. 103, 113 (Bankr. S.D.N.Y. 2006)

(recognizing various forms of relief available to a foreign representative in chapter 15 proceedings,

including "the examination of witnesses and the delivery of information"); *see also* 8 Collier on

Bankruptcy ¶ 1521.02 (16th ed. rev. 2012) ("Subsection 1521(a)(4) enables discovery.").[8]

---

[7] Bankruptcy Rule 2004 provides an additional ground for seeking discovery in a chapter 15 proceeding.
*In re Glitnir banki hf.,* No. 08-14757 (SMB), 2011 WL 3652764, at *6 (Bankr. S.D.N.Y. Aug. 19, 2011).
The purpose of a Rule 2004 examination is to aid in the discovery of assets and "any third party who can
be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."  *In re
Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).  In the
context of a chapter 15 case, the scope of an examination, under Rule 2004 is set forth in section 1521(a)(4).
*Glitnir banki hf.,* 2011 WL 3652764, at *6.

[8] Additionally, 28 U.S.C. § 1782 provides that a federal court where a person resides or is found "may order
him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a
foreign or international tribunal."  28 U.S.C. § 1782(a).  Courts have relied on Section 1782 in granting
discovery for use in a foreign bankruptcy proceeding.  *See, e.g.*, *In re Lancaster Factoring Co.*, 90 F.3d 38
(2d Cir. 1996).  Section 1782 allows discovery in aid of an ongoing adversarial proceeding for the purpose
of "pursu[ing] potential claims against third parties" as well as the "equally legitimate goals of

71.     The Foreign Representative seeks, upon recognition of the Russian Insolvency Proceeding, to take the discovery of all entities, that upon information and belief, are related to, affiliated with, owned, or controlled by Ms. Markus or her nominees.  As set forth above, Ms. Markus, with accomplices, upon information and belief, has unlawfully transferred, directly or indirectly, money to persons or entities in the United States.  Consequently, discovery in the United States is necessary to find and recover Ms. Markus' assets for the benefit of her creditors.  The issuance of one or more subpoenas compelling the production of documents and the attendance at a deposition by parties who have, or may have, knowledge of the whereabouts of estate assets is consistent with the fundamental policies of the Russian Bankruptcy Law and the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

72.     Pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code, the Foreign Representative hereby reserves all rights to seek, at any point (either before or after a change in circumstances under section 1518 of the Bankruptcy Code), further and other relief from this Court that may be necessary to implement the Russian Insolvency Proceeding and to effectuate the purposes of chapter 15.

## **SATISFACTION OF LOCAL BANKRUPTCY RULE 9013-1(A)**

73.     This Verified Petition contains citations to the relevant authorities and therefore, satisfies Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.  Notwithstanding the foregoing, the Foreign Representative reserves the right to file any additional memoranda of law should additional briefing become necessary under the circumstances.

---

reconstructing financial records, evaluating key transactions and identifying and recovering the debtors' assets."  *In re Application of Hill*, No. M19-117 (RJH), 2005 WL 1330769, *5 (S.D.N.Y. June 3, 2005); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004).

## <u>HEARING DATE AND NOTICE</u>

74.     The Foreign Representative requests that the Court set a date for a hearing (the "<u>Hearing Date</u>") pursuant to section 1517(c) of the Bankruptcy Code and Local Bankruptcy Rule 2002-2 to approve the Petition and recognize the Russian Insolvency Proceeding as a foreign main proceeding.  If no objections to this Petition are filed by the date ordered for such objections, the Foreign Representative requests that the Court enter the Proposed Order recognizing the Russian Insolvency Proceeding as a foreign main proceeding without a hearing.

75.     The Foreign Representative submits that when the Hearing Date has been set by the Court, notice will be given as reasonable and appropriate and consistent with Bankruptcy Rule 2002(q) and Local Bankruptcy Rule 2002-4.

76.     In furtherance of this request, contemporaneously herewith, the Foreign Representative has filed the *Application for Order Scheduling Hearing on Chapter 15 Petition and Specifying Form and Manner of Service of Notice of Hearing*.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court grant the

relief requested herein and such other and further relief as may be just and proper.

Dated: January 10, 2019

_____

Yuri Vladimirovich Rozhkov
*Trustee and Foreign*
*Representative for the Debtor*

Dated: New York, New York
     January 10, 2019

By:    */s/ Ira L. Herman*
      Ira L. Herman
      Philip M. Guffy
      BLANK ROME LLP
      The Chrysler Building
      405 Lexington Avenue
      New York, NY 10174
      (212) 885-5000

      *Attorneys for Yuri Vladimirovich Rozhkov*
      *in his Capacity as Trustee and Foreign*
      *Representative for the Debtor*

21