BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
Rick Antonoff
Evan J. Zucker

MARKS & SOKOLOV, LLC
1835 Market Street, 17th Floor
Philadelphia, PA 19103
(215) 569-8901
Bruce S. Marks

Attorneys for Yuri Vladimirovich Rozhkov
in his Capacity as Trustee and Foreign
Representative for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

LARISA MARKUS,                                                    Chapter 15

   Debtor in a Foreign Proceeding.                         Case No. 19-10096 (MKV)
-----------------------------------------------------------------x

**MOTION OF FOREIGN REPRESENTATIVE
FOR ENTRY OF ORDER ALLOWING PUBLIC FILING OF
EMERGENCY MOTION FOR DISCRETIONARY RELIEF (AND EXHIBITS
THERETO) OR, ALTERNATIVELY, PURSUANT TO 11 U.S.C. §107(b) AND
BANKRUPTCY RULE 9018, FOR ENTRY OF AN ORDER AUTHORIZING THE
FILING UNDER SEAL OF EMERGENCY MOTION FOR DISCRETIONARY RELIEF
(AND CERTAIN EXHIBITS THERETO) AND
<u>FILING A REDACTED VERSION OF THE MOTION ON THE DOCKET</u>**

Yuri Vladimirovich Rozhkov (the "**Foreign Representative**"), the financial administrator and foreign representative of Larisa Markus ("**Ms. Markus**" or the "**Debtor**") in her pending insolvency proceeding (the "**Russian Insolvency Proceeding**"), by and through his undersigned counsel, hereby files this Motion, pursuant to 11 U.S.C. §107(b) and Bankruptcy Rule 9018 authorizing the filing under seal ("**Motion to Seal**") of the *Emergency Motion of the Foreign*

1

*Representative For Discretionary Relief Staying the Actions of 40 Broad Street Portfolio, LLC* ("**40 Broad**") ("**Motion for Discretionary Relief**"). Pursuant to the protective order "so ordered" on February 27, 2019,[1] the Foreign Representative is ***required*** to file this motion seeking leave to file under seal those documents that are marked "confidential' by the "LM Entities" and redact related portions of the Motion for Discretionary Relief. However, the Proposed Comported Protective Order (defined hereinafter) allows the Foreign Representative to challenge confidentiality designations. The Foreign Representative respectfully requests that the Court allow the public filing of the Motion for Discretionary Relief and the exhibits thereto and require no redactions.[2] ***Alternatively***, the Foreign Representative requests entry of an order – substantially in the form attached hereto as Exhibit A (the "**Order**") – authorizing the filing of the Foreign Representative's Motion for Discretionary Relief and certain exhibits under seal, and a redacted version of the Motion for Discretionary Relief on the docket.

The Foreign Representative respectfully represents as follows:

## BACKGROUND

1.     On January 10, 2019, Foreign Representative commenced this action by filing a Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding ("**Chapter 15 Petition**"). *See* Chapter 15 Petition [ECF No. 1].

### The Proposed Recognition Order

2.     At a hearing held on February 27, 2019, the Court recognized the Russian

---

[1] An agreed form of protective order was submitted to the Court on March 25, 2019.

[2] In accord with the Court's directions at the February 27, 2019 hearing, the Foreign Representative has proposed the appointment of a discovery referee to the LM Entities, which was discussed at a meet and confer on March 29. They asked until April 8, 2019 to respond. Hopefully, the LM Entities will agree to a referee and timely respond to Objections so that the referee can resolve them with minimal burden on the Court.

Insolvency Proceeding on the record and directed the parties to submit an order. *See* February 27, 2019 Transcript [ECF No. 24].

3.  Thereafter, the parties attempted to reach agreement on a form of recognition order. During this period, the Foreign Representative circulated multiple versions of a form of order and conducted numerous telephone conferences to address comments and try to resolve concerns raised by each of the interested parties. After agreeing on almost all the essential terms, and almost a month after this Court granted recognition, 40 Broad requested three last-minute changes that are unacceptable to the Foreign Representative. As a result, the parties reached an impasse and were unable to submit a consensual form of order and, on March 29, 2019, the Foreign Representative submitted its proposed form recognition order.

4.  The Court, in its ruling on the record on the Foreign Representative's chapter 15 petition, *inter alia*: (i) recognized Ms. Markus' Russian Insolvency Proceeding; (ii) afforded to Foreign Representative all relief afforded to a foreign main proceeding pursuant to 11 U.S.C. §1520; (iii) recognized the Russian Commencement Order and ruled that it was applicable to the Debtor's creditors located in the territorial jurisdiction of the United States; and (iv) ruled that 11 U.S.C. §§ 361 and 362 apply with respect to the Debtor and her property that is currently within, or may be brought in, the territorial jurisdiction of the United States. *See* 2/27/19 Hearing Trans. [ECF No. 24].

**The Proposed Comported Protective Order**

5.  At the same February 27, 2019 hearing, the Court also "so ordered" a protective order in the action brought by the Foreign Representative of Vneshprombank Ltd. ("**Bank**"), *In re Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd.*, Case No. 16-13534 (MKV) (Bankr. S.D.N.Y.) ("**Bank Case**"). *See* February 27, 2019 Transcript [Bank Case, ECF No. 79]. The protective order in the Bank Case was to be adopted in this case. *Id*.

3

6.      Due to the unavailability of Daniel Singer, counsel to the LM Entities,[3] the parties did not reach agreement and submit comported orders for the Bank Case and this case until March 25, 2019. *See* Proposed Comported Protective Order in this case ("**Proposed Comported Protective Order**") attached hereto as Exhibit 1.

7.      The Proposed Comported Protective Order provides, *inter alia*, that:

> If any Confidential Discovery Material is used by the Foreign Representative in any Permitted Litigation: (i) the material will be filed under seal, to the extent possible, in the Permitted Litigation; and (ii) notice of the filing under seal in the Permitted Litigation shall be provided to the Designating Party once service of the filing is complete.

Proposed Comported Protective Order, ¶9 at 5.

8.      The Foreign Representative's Motion for Discretionary Relief, which is being filed contemporaneously herewith, attaches documents designated as confidential, albeit under the Proposed Comported Protective Order (¶11, at 7), the Foreign Representative is permitted to summarize confidential information.

## RELIEF REQUESTED

9.      In accordance with the Proposed Comported Protective Order, the Foreign Representative as the filing party objects to the documents designated confidential:

> A party filing a motion to seal (the "Filing Party") with respect to documents designated Confidential Discovery Material shall indicate as grounds for sealing that the Designating Party has marked the documents Confidential ***and can object to such designation in its filing***.

Proposed Comported Protective Order, ¶11 at 7 (emphasis added). Accordingly, the Foreign

---

[3] The Foreign Representative submitted a draft proposed comported protective order to Mr. Singer, to whom the LM Entities have assigned all discovery issues, on March 2, 2019, but he did not respond with his draft until March 16, 2019. While the Foreign Representative responded to his draft within 10 minutes of receipt and provided a revised draft within two days on March 18, 2019, Mr. Singer did not respond until two days later on March 20, 2019, and added a new section 17(b) to the draft. This dispute was not resolved until March 25, 2019, and the Foreign Representative submitted the Proposed Comported Protective Order to the Court the same day.

4

Representative requests that the Court allow public filing of the Motion for Discretionary Relief and exhibits thereto.

10. Alternatively, as required by the Proposed Comported Protective Order (¶11, at 6-7), the Foreign Representative requests entry of an order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018: (a) authorizing the filing under seal of the Foreign Representative's Motion for Discretionary Relief and certain exhibits; and (b) authorizing the Foreign Representative to file a redacted version of the Motion on the Court's docket.

## BASIS FOR RELIEF

11. Section 107(b) of the Bankruptcy Code provides that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12. In addition, pursuant to Bankruptcy Rule 9018:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

13. Pursuant to the Comported Proposed Protective Order, the Foreign Representative is *required* to move to file discovery designed as confidential under seal:

> If a Non-Designating Party (defined as a party which is subject to this Order which has not made the Confidentiality Designation) wishes to use any Confidential Discovery Material in any pleading or document filed within the Chapter 15 Action, the Confidential Discovery Material **shall** be the subject of a motion to file under seal pursuant to Rule 9018-1 of the Local Bankruptcy Rules or the applicable Federal Rule.

Comported Proposed Protective Order, ¶11, at 6-7 (emphasis added).

5

14. Accordingly, this Motion to Seal is being filed even though the Foreign Representative believes the exhibits do not meet the standards for sealing and no redactions should be required as discussed below.

### The LM Entities' Designations

15. As the Court may recall, at the hearing on February 27, 2019, Mr. Singer requested additional time to designate discovery as confidential. On March 14, 2019 Mr. Singer designated essentially every document produced by the LM Entities as confidential, a clear abuse. The LM Entities failed to heed the limited commercial injury exception available to protect truly confidential documents. *See* 11 U.S.C. § 107(b)(1) (section protects an entity "with respect to a trade secret or confidential research, development, or commercial information.").[4] Pursuant to the Proposed Comported Protective Order, the Foreign Representative submitted Objections on March 19, 2019. Proposed Comported Protective Order, ¶13 at 7. Although, presumably, Mr. Singer knows the reasons he designated almost all discovery as confidential, at a meet and confer held on March 28, 2019, he admitted he had not reviewed the Foreign Representative's Objections and insisted he needed an additional 10 days until April 8, 2019 to provide his responses.[5]

16. With respect to the "confidential" documents referenced in the Motion for Discretionary Relief, the Foreign Representative does not believe that the Court should enter a sealing order because the documents do not remotely meet the requirements for sealing. To obtain this "extraordinary relief" of sealing, the claiming party must "provide the court with ***specific***

---

[4] This section is implemented through Bankruptcy Rule 9018 providing that the Court may "make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018(1).

[5] During a meet and confer on March 29, 209, with Mr. Singer, counsel for the Foreign Representative explained that improper confidentiality designations impose burden and expense on the Foreign Representative by requiring motions to seal, and burden on the Court, by requiring its review of the designations in order to justify granting a sealing order, given the strong public policy against courts sealing bankruptcy filings.

6

***factual and legal authority*** demonstrating that a particular document at issue is properly classified as 'confidential.'" *In re Anthracite Capital, Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) (emphasis added) (denying relief on ground that movants "failed to allege with specificity what information is jeopardized"); *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (confidential information is that "which would cause 'unfair advantage to competitors by providing them information as to the commercial operations of the [subject entity].'"); *Robbins v. Tripp*, 510 B.R. 61, 67 (E.D. Va. 2014) (information "is not commercial simply because it relates to business affairs").

17.  The "confidential" documents at issue requiring the Foreign Representative to redact portions of its Motion for Discretionary Relief and file this Motion to Seal are:

| Ex # | Bates # | Date | Description | Objection | Designator |
|---|---|---|---|---|---|
| Ex. 1 | Protax 001647-1653 | 1/20/2016 | Operating Agreement of 40 Broad St Portfolio, LLC | Designation does not disclose designator and public filing of operating agreement will not cause commercial harm in favor of a competitor (of which there are none). Also, Interested Parties lack standing because they do not include 40 Broad Street Portfolio | LM Entities |
| Ex. 12 | JPMC 1612, 1618, 1632 | 4/1/2017 | Chase statement for account no. ending 6810 for April-July 2017 | Designation does not disclose designator and public filing of bank statement will not cause commercial harm in favor of a competitor. | 40 Broad |
| Ex. 13 | BoA 1425-1432 | 9/30/2017 | BoA statement for 550 Park Ave LLC for the account ending 8669 for September 2017 | Designation does not disclose designator and public filing of bank statement will not cause commercial harm in favor of a competitor (of which there are none). Also, Interested Parties lack standing because they do not include 550 Park Avenue LLC. | LM Entities |
| Ex. 21 | HSBC03037 | 11/2/2012 | HSBC check to Markus from Lebedev in the amount of $350,000 | Designation does not disclose designator and public filing of the check will not cause commercial harm in favor of a competitor (of which there are none). Also, the Interested Parties lack standing because they do not include Mr. Lebedev or Ms. Markus. | LM Entities |
| Ex. 23 | | 2/24/2012 | LIC Debt LLC operating agreement | Public filing of operating agreement will not cause commercial harm in favor of a competitor (of which there are none). | |

7

18. The Foreign Representative will provide a copy of the unredacted Motion for Discretionary Relief to: (i) the Court; (ii) 40 Broad; and (ii) counsel to the LM Entities.

**NO PRIOR REQUEST FOR RELIEF**

19. No previous request for the relief sought in this Motion to Seal, with respect to the Motion for Discretionary Relief, has been made by the Foreign Representative to this or any other Court.

**CERTIFICATE OF CONFERRAL**

20. On March 31, 2019, the Foreign Representative emailed counsel to 40 Broad and the LM Entities requesting that they de-designate these exhibits set forth in the above chart. The parties have not yet reached an agreement on the removal of any confidential designation.

**CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court allow the public filing of the Motion for Discretionary Relief and the exhibits thereto and require no redactions. Alternatively, the Foreign Representative requests entry of an order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018: (a) authorizing the filing under seal of the Foreign Representative's Motion for Discretionary Relief and certain exhibits thereto; and (b) authorizing the Foreign Representative to file a redacted version of the Motion on the Court's docket.

Dated: New York, New York
April 1, 2019

                                                  BLANK ROME LLP

                                                  By:   */s/ Rick Antonoff*
                                                           Rick Antonoff
                                                           Evan J. Zucker
                                                          The Chrysler Building
                                                          405 Lexington Avenue
                                                          New York, New York 10174
                                                          (212) 885-5000

        and

        MARKS & SOKOLOV, LLC
          Bruce S. Marks
          1835 Market Street, 17th Floor
          Philadelphia, PA 19103
          (215) 569-8901

*Attorneys for Yuri Vladimirovich Rozhkov in his Capacity as Trustee and Foreign Representative for the Debtor*

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

LARISA MARKUS,

   Debtor in a Foreign Proceeding.

Chapter **15**

Case No. **19-10096 (MKV)**

---------------------------------------------------------------x

*EX PARTE* **MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF ORDER,
PURSUANT TO 11 U.S.C. §107(b) AND BANKRUPTCY RULE 9018,
FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL
OF HIS EMERGENCY MOTION FOR DISCRETIONARY RELIEF
(AND CERTAIN EXHIBITS THERETO) AND FILING A
REDACTED VERSION OF THE MOTION ON THE DOCKET**

Upon the *Ex Parte* Motion[6] of Yuri Vladimirovich Rozhkov (the "**Foreign Representative**"), the financial administrator and foreign representative of Larisa Markus ("**Ms. Markus**" or the "**Debtor**") in her pending insolvency proceeding (the "**Russian Insolvency Proceeding**") for entry of an order authorizing the filing under seal of documents regarding the *Emergency Motion of the Foreign Representative For Discretionary Relief Staying the Actions of 40 Broad Street Portfolio, LLC* ("**40 Broad**") ("**Motion for Discretionary Relief**"), and the Court having jurisdiction to consider the Motion to Seal and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion to Seal and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found and determined that the relief sought in the Motion to Seal is in the best interests of all parties in interest and that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; it is

   1.      ORDERED that the Motion to Seal is granted as provided herein; and it is further

---

[6] All capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Motion.

11

2.    ORDERED that Foreign Representative is authorized to file under seal the Foreign Representative's Motion for Discretionary Relief and certain exhibits thereto, and a redacted version of the Motion on the docket; and it is further

3.    ORDERED that the Motion for Discretionary Relief shall be made available on a confidential basis, only to (i) the Court; (ii) the Discovery Parties, and (iii) 40 Broad, and shall not be made available to the general public; and it is further

4.    ORDERED that this Order is without prejudice to the rights of any party in interest or the United States Trustee to seek to make public any portion of the documents filed under seal pursuant to this Order; and it is further

5.    ORDERED that any party permitted access to the Motion for Discretionary Relief shall not share any information contained therein with any third party, and any party found to have violated these conditions shall be subject to sanctions for violation of this Order; and it is further

6.    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2018

_____
United States Bankruptcy Judge