**LAW OFFICES OF**
**VICTOR A. WORMS**
65 BROADWAY, SUITE 750
NEW YORK, NY 10005
TELEPHONE: (212) 374-9590
FACSIMILE: (212) 591-6188

WRITERS EMAIL
VWORMS@VICTORAWORMSPC.COM

May 28, 2019

<u>BY ECF</u>
Hon. Mary Kay Vyskocil
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

In Re Larisa Markus
<u>Case No. 19-10096(MKV)</u>

Dear Judge Vyskocil:

      I have been retained to represent the debtor, Larisa Markus, in the above-referenced Chapter 15 proceeding.

      I am writing to inform the court that I will be making a motion to vacate the Order Granting Recognition And Relief In Aid of A Foreign Main Proceeding Pursuant To 11 U.S.C. §§ 105(a), 1517, 1520 and 1521, dated April 1, 2019 [ECF 29], which was entered by this court in this proceeding because the court lacked personal jurisdiction over Ms. Markus at the time the order was entered and because the order was entered in violation of the due process rights of Ms. Markus. Accordingly, the order of recognition is a legal nullity and should be vacated as a matter of law.

      In his petition, the Foreign Representative informed the court that "[c]urrently, Ms. Markus is incarcerated in Moscow, Russia serving a prison sentence of eight years and six months after being convicted of embezzling money from Vneshprombank – a bank that she owned and managed." [ECF 2, pp. 2-3].

      Despite the acknowledgment of the Foreign Representative that Ms. Markus is incarcerated in a prison somewhere in Russia, he purportedly served her with the Verified Petition For Recognition of Foreign Main Proceeding, the Order Scheduling Hearing on Verified Petition and related documents (hereafter the "Mailing") by regular mail, not even certified mail, addressed to the prison at which Ms. Markus is supposedly incarcerated as well as other supposed residences of Ms. Markus in Moscow, Russia. This regular Mailing to the prison where Ms. Markus is claimed to be incarcerated is not even addressed to the superintendent of prisons or whatever proper title is of the official in charged of the subject prison.

      Indeed, the Declaration of Philip M. Guffy, an associate at Blank Rome LLP, counsel for the Foreign Representative, dated January 16, 2019, indicated that the Mailing was made by "U.S. first-class, postage fully pre-paid" [ECF 13] and addressed to Ms. Markus as follows:

FEDERAL STATE FUNDED INSTITUTION
DETENTION CENTRE NO. 6 OF THE MOSCOW
DEPARTMENT OF THE FEDERAL PENAL SERVICE
OF RUSSIA AT SHOSSEYNAYA STREET 92
MOSCOW, RUSSIA

Importantly, Mr. Guff in his declaration does not indicate that he had engaged in any activities to establish that Ms. Markus is actually housed at the prison to which the Mailing was sent by regular mail.

Moreover, Mr. Guff did not indicate in his declaration that the Mailing had been translated from English to Russian so that on the off chance that Ms. Markus were to have received the Mailing she could actually read it and become acquainted with the nature of the proceeding that was being commenced against her in New York by the Foreign Representative.

In addition, to the Declaration of Mr. Guff, there was also a declaration from Sergey S. Sokov, from the firm of Mark & Sokolov, LLC, Russian counsel for the Foreign Representative, dated January 29, 2019 [ECF 14] in which he stated that he published certain documents relating to the Chapter 15 proceeding, including the petition, on "Russian Federal Register of Bankruptcy Data, available online at hhp:/bankrot.feresurs.ru . . . ." (See ECF, p. 1).

This posting by Mr. Sokov which was in both English and Russian was directed to the potential Russian creditors of Ms. Markus, pursuant to this court's Scheduling Order of January 15, 2019 [ECF 15] and was not directed to Ms. Markus who presumably is not sitting jail surfing the internet.

It appears that the Foreign Representative was attempting to effect service upon Ms. Markus in her prison cell pursuant to Rule 7004(b) which provides in relevant part as follows:

> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession. (Emphasis added).

If, however, the Foreign Representative was attempting to effect service upon Ms. Markus pursuant to Bankruptcy Rule 2002(q), the court would still have been without jurisdiction to have entered the order of recognition against Ms. Markus because there is nothing to suggest that Rule has any application to a debtor who is incarcerated in a foreign country.

Bankruptcy Rule 2002(q) provides in relevant part as follows:

> The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional

2

relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding. The notice shall state whether the petition seeks recognition as a foreign main proceeding or a foreign nonmain proceeding.

Clearly, Bankruptcy Rule 2002(q) does not provide the court initial jurisdiction over the debtor but only comes into play when provision relief is to be determined at a hearing for recognition.

To be sure, it is hard to imagine that a federal court can assert jurisdiction over a foreign debtor who is incarcerated in a foreign jail based upon a general mailing to the prison by regular mail from the United States.

In the same vein, the entry of the order of recognition against Ms. Markus violates her due process rights to appear in court and to confront the witnesses and evidence against her. The court is purporting to deprive Ms. Markus of various property rights without affording her due process under the 5th Amendment of the United States Constitution.

As an aside, there is a related Chapter 15 proceeding entitled <u>Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd</u>, Case No. 16-13534(MKV) in which the court also entered a recognition order in which the same jurisdictional and due process problems are also present. In addition, there is an open question as to whether Vneshprombank is a debtor within the meaning of 11 U.S.C. § 109.

11 U.S.C. § 109 provides that "only a person that resides or has a domicile, a place of business or property in the United States . . . may be a debtor under" the Code. While the Second Circuit has held that retainer given to an attorney may constitute property in the United States, there is a question as to whether Vneshprombank had any property in the United States on the date the petition was commenced.

In any event, I would respectfully request that the court provide a briefing schedule for Ms. Markus' motion to vacate the order of recognition which was entered in this proceeding and for a stay of all further proceedings in this case pending a determination of that motion.

Respectfully submitted,

Victor A. Worms

3