B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __New York__

In re __LARISA MARKUS__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __19-10096__

Chapter __15__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __LARISA MARKUS, C/O Victor A. Worms, 65 Broadway, Suite 750 New York, NY 10005__
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Marks & Sokolov, LLC, 1835 Market St., 17th Floor, Philadelphia, PA 19103 | 07/09/19   12 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __06/25/19__

CLERK OF COURT

OR

_____          __/s/ Bruce Marks__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Yuri Vladimirovich Rozhkov__, who issues or requests this subpoena, are:
Bruce S. Marks, Esq.; 1835 Market St, Suite 1717, 17th Fl., Philadelphia, PA, 19103; marks@mslegal.com; (215) 569-8901

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

19-10096-mg    Doc 99-2    Filed 07/26/19    Entered 07/26/19 12:26:50    Exhibit B    Pg
2 of 11

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

19-10096-mg   Doc 99-2   Filed 07/26/19   Entered 07/26/19 12:26:50   Exhibit B   Pg
3 of 11

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects of To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**SCHEDULE OF DOCUMENTS TO BE PRODUCED**

For the period from January 2004 through the present please produce:[1]

1. All engagement letters of Markus with counsel, including but not limited to:
    a. Counsel in the United States:
        i. the Law Offices of Victor A. Worms;
        ii. the Law Offices Of Daniel A. Singer PLLC;
        iii. Richards Kibbe & Orbe LLP;
        iv. Rosenberg & Estis, P.C.;
        v. Kruzhkov Russo PLLC;
        vi. Gusrae Kaplan Nusbaum PLLC.
    b. Counsel in Russia:
        i. Artemyeva Elena Victorovna, Demiurg.

2. All communications between Markus and anyone acting on her behalf, including attorneys, or acting on behalf of the LM Entities or the LM Trusts.

3. All "Powers of Attorney" executed by Markus or concerning a Markus Asset.

4. All communications between Markus and Bykov.

5. All communications between Markus and the Protax Entities.

6. All documents concerning the Markus Recognition, including but not limited to:
    a. All documents evidencing notice or receipt of the Markus Recognition Petition;
    b. All documents evidencing notice of the Markus Recognition Hearing;
    c. All documents supporting Markus' allegation that a U.S. court should not recognize the Russian proceeding identified in the Markus Recognition Petition and Markus Recognition Order.

7. All documents concerning any Markus Asset or Overseas Property.

8. All documents concerning any funds used by Markus (or anyone acting or purporting to act on her behalf), including but not limited to over $2 billion which Markus pled guilty of embezzling, which funds were used to purchase any Markus Asset or Overseas Property.

9. All documents – including, but not limited to bank statements, checks, accounting, account opening documents – evidencing bank accounts in which Markus has an interest (direct or indirect), including but not limited to:
    a. Markus accounts
        i. at STANDARD BANK ISLE OF MAN LIMITED, including account ending 8139;
        ii. at HSBC Bank USA, N.A., including account ending 2072,

---

[1] (1) To the extent responsive documents have already been produced by the LM Entities and LM Trusts, they need not be produced again.
(2) To the extent privilege is claimed for any document(s), either redact the privileged portion of the document(s) or include the document(s) on a privilege log and produce the log with the production.

1

        iii. at JPMORGAN CHASE BANK, N.A., including account ending 4365;
- b. 550 Park accounts
    - i. at Bank of America, including account ending 8669;
    - ii. at Citibank, N.A., including account ending 1507;
- c. FIC accounts
    - i. at Bank of America, including account ending 8446;
    - ii. at JPMORGAN CHASE BANK, N.A., including account ending 6965;
- d. ICG accounts
    - i. at Bank of America, including account ending 0778;
- e. LM Revocable Trust accounts
    - i. at JPMORGAN CHASE BANK, N.A., including account ending 6810;
- f. Larmar accounts;
- g. LM PROPERTY MANAGEMENT LLC accounts
    - i. at Bank of America, including account ending 8459 or ending 7754,
    - ii. at Citibank, N.A., including account ending 6352;
    - iii. at HSBC Bank USA, N.A., including account ending 8229;
- h. LM REALTY 10C LLC accounts
    - i. at Citibank, N.A., including account ending 4716;
    - ii. at Bank of America, including account ending 0839;
- i. LM REALTY 18 WEST LLC accounts
    - i. at JPMORGAN CHASE BANK, N.A. , including account ending 9060;
    - ii. at Bank of America, including account ending 8197;
    - iii. at HSBC Bank USA, N.A. , including account ending 0016;
- j. LM REALTY 20A LLC accounts
    - i. at JPMORGAN CHASE BANK, N.A. , including account ending 6851;
    - ii. at Citibank, N.A., including account ending 2868;
- k. LM REALTY 23H LLC accounts
    - i. at JPMORGAN CHASE BANK, N.A., including account ending 6844;
    - ii. at Citibank, N.A., including account ending 2278;
- l. LM REALTY 24C LLC accounts
    - i. at JPMORGAN CHASE BANK, N.A., including account ending 6836;
    - ii. at Citibank, N.A., including account ending 2243;
- m. LM REALTY 27D LLC accounts
    - i. at HSBC Bank USA, N.A., including account ending 9276;
- n. LM REALTY 31B LLC accounts
    - i. at Bank of America, including account ending 0353;
    - ii. at Citibank, N.A., including account ending 0889;
    - iii. at HSBC Bank USA, N.A., including account ending 9268.

10. All documents concerning the LM Entities, LM Trusts, Nevis Entities, or 550 Park, including, but not limited to:
    a. All documents concerning current and historical ownership, formation, governance;
    b. All communications between Markus and an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park;
    c. All communications between Bykov and an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park;
    d. All communications between any Protax Entity or Prolegal and an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park;

  e. All documents, communications and information identifying the source(s) of funds which were loaned to or invested in an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park;
  f. All documents, communications and information regarding purchase, sale or transfer of any assets by an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park.

11. All documents concerning Prolegal, including, but not limited to:
    a. All communications concerning Prolegal;
    b. Documents sufficient to identify the ultimate current and prior beneficiary(ies) of Prolegal;
    c. All documents concerning Prolegal's current and historical ownership, formation, governance and control.

12. All documents concerning 40 Broad, including, but not limited to:
    a. All communications concerning any loan provided by 40 Broad to Markus or an LM Entity;
    b. All communications concerning the foreclosure actions commenced by 40 Broad for Apartments 20A, 23H and 24C at 40 Broad Street, New York.

13. All documents concerning 10 WEA including, but not limited to:
    a. All communications concerning any loan provided by 10 WEA to Markus or an LM Entity;
    b. All communications concerning the foreclosure action commenced by 10 WEA for Apartment 10C at 50 Riverside Boulevard, New York.

14. All documents concerning L&M Consulting including, but not limited to:
    a. All communications concerning the assignment of mortgage by L&M Consulting to 10 WEA;
    b. All communications concerning the commencement and discontinuation of the foreclosure action by L&M Consulting for Apartment 10C at 50 Riverside Boulevard, New York.

15. All documents concerning Lebedev, including, but not limited to:
    a. All communications between Lebedev and Markus, an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park;
    b. All documents concerning any loans provided by Lebedev to Markus, an LM Entity, a Nevis Entity, Larmar, LM Revocable Trust, or 550 Park;
    c. All documents concerning any loans provided to Lebedev by Markus, an LM Entity, a Nevis Entity, Larmar, LM Revocable Trust, or 550 Park.
    d. all documents and communications concerning any transaction involving Lebedev and Markus, an LM Entity, a Nevis Entity, Larmar, LM Revocable Trust, or 550 Park, including but not limited to:
        (i) February 2012 transaction wherein Lebedev and Markus invested $300,000 each into LIC Debt LLC, a New York company;
        (ii) November 2012 transaction wherein Lebedev paid $350,000 to Markus from his account at Citibank;
        (iii) February 2017 transaction wherein Lebedev wired $200,000 from his account at Citibank to LM Realty 10C, LLC.

16. All documents concerning Dodge, including, but not limited to:
    a. All communications between Dodge and Markus, an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park;
    b. All documents concerning any loans provided by Dodge to Markus, an LM Entity, a Nevis Entity, Larmar, LM Revocable Trust, or 550 Park;

3

    c. All documents concerning any loans provided to Dodge by Markus, an LM Entity, a Nevis Entity, Larmar, LM Revocable Trust, or 550 Park.

17. All documents, communications and information concerning Bluestone Investments.

18. All documents, communications and information concerning Insurance Policies.

19. All documents and communications concerning BG Atlantic, Inc. including, but not limited to:
    a. All communications between BG Atlantic, Inc. and Markus, an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park;
    b. All documents concerning the assignment to BG Atlantic, Inc. of the debt incurred by Markus for which judgment was entered in the Supreme Court of the State of New York, County of New York in *BG Atlantic, Inc. v. Larisa Markus* (Case No 655892/16).
    c. All documents concerning the case in the United Kingdom between BG Atlantic, Inc. and Markus brought in the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (Case No. CL-2017-000760).
    d. All documents concerning any payments by/to BG Atlantic, Inc. and by/to Markus, LM Entities, LM Trusts, Nevis Entities, or 550 Park.
    e. All documents concerning BG Atlantic, Inc.'s current and historical ownership, formation, governance and control.

20. All documents concerning Nevis Entities, including, but not limited to:
    a. All communications between Nevis Entities and Markus, an LM Entity, LM Revocable Trust, Larmar, a Nevis Entity or 550 Park;
    b. Documents sufficient to identify any and all beneficiaries of Nevis Entities;
    c. Documents concerning any bank accounts of Nevis Entities, including but not limited to bank statements, checks, accounting, account opening documents.
    d. Documents sufficient to identify all assets of Nevis Entities.

21. All documents concerning Overseas Property, including, but not limited to:
    a. All communications concerning the Overseas Property;
    b. All documents concerning purchase, mortgage or sale of the Overseas Property;
    c. All documents sufficient to identify the sources of funds used to purchase the Overseas Property;
    d. All documents concerning the use of the Overseas Property, including lease agreements;
    e. All documents concerning the use of proceeds received from use, mortgage or sale of the Overseas Property.

## INSTRUCTIONS

1. **You are instructed to consecutively paginate (*i.e.*, bates stamp) all responsive documents produced**.

2. Pursuant to the attached Subpoena served upon you ("Subpoena"), please produce the categories of documents identified below in the "Schedule of Documents to be Produced."

3. The Subpoena is continuing in nature and any additional documents shall be produced as they become available.

4. For any requested document which is being withheld on the basis of a claim of privilege, please identify the document, and for each such document state:
    a. Author
    b. Designated and intended recipient(s)
    c. Person(s) to whom it was circulated
    d. Date
    e. Subject matter
    f. Privilege asserted.

5. If a portion of any document responsive to the Subpoena requests is withheld under a claim of privilege, any non-privileged portion of such document must be produced with redactions of the claimed privileged portion.

6. If you file a timely objection to any portion of a request, definition or an instruction, provide a response to the remaining portion.

7. The Subpoena shall apply to all documents that you, or any of your present or former agents, attorneys, assigns, consultants, employees, and/or successors possess, control or can access in the ordinary course of business.

8. In responding to the Subpoena requests, you shall produce all responsive documents in your possession, custody or control or in the possession, custody or control of your agents, employees, attorneys, accountants, representatives, or anyone acting or purporting to act on your behalf. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

9. If any document requested by the Subpoena is no longer in the possession of or subject to the control of the party upon whom this demand is made, said party shall provide a listing which identifies the present custodian of the document, including in such identification the full name, residence and business address, business affiliation and job title, and state further what and when disposition was made of said document. If all copies of the document have been destroyed, please identify the person or person authorizing the destruction of the document and specify the date of the destruction of the document.

10. In lieu of appearing in person and producing the documents as set forth in the attached subpoena, prior to the deadline you may forward a copy of all produced and responsive documents to Bruce Marks, Esq., Marks & Sokolov, LLC, 1835 Market Street, 17th Floor, Philadelphia, Pennsylvania 19103.

5

**DEFINITIONS**

A. The following definitions shall apply to the Subpoena:

1. "10 WEA" shall mean 10 WEA Realty, LLC, a New York LLC registered on August 14, 2017 at 2 Rector Street, Suite 1202, New York, New York 10006, its officers, agents and/or employees.

2. "40 Broad" shall mean 40 Broad Street Portfolio, LLC, a New York LLC registered on January 7, 2016 at 3 Dawson CT., Islandia, New York, 11749, its officers, agents and/or employees.

3. "550 Park" shall mean 550 Park Avenue, LLC, a Delaware entity registered on June 20, 2013.

4. "Bluestone Investments" shall mean any and all investments made with The Bluestone Group, including but not limited to investments into PB 165 Investors, LLC, 396 Flatbush Debt, LLC, 1625 Coney Debt, LLC, West 95th Debt, LLC, CT Portfolio Debt, LLC, LIC Debt, LLC.

5. "Bykov" shall mean Ilya Bykov and any person acting or purporting to act on his behalf.

6. "Dodge" shall mean Pryor Dodge and any person acting or purporting to act on his behalf.

7. "FIC" shall mean First Integrated Construction, Inc., a New York corporation registered on March 10, 2004, at 40 Rector Street Ste 1502, New York, New York 10006.

8. "ICG" shall mean Integrated Construction Group, Inc., a New York corporation registered on March 16, 2004, at 2 Rector Street Ste 1202, New York, New York 10005.

9. "Insurance Policies" shall mean any and all insurance policies obtained, by or on behalf of, Markus, the LM Trust, the LM Entities, the Nevis Entities, or 550 Park, including but not limited to:

    i. Insurance Policy No 01N1546420 issued on June 10, 2011 by Lincoln Benefit Life, and

    ii. Insurance Policy No IL02198850 issued on June 16, 2011 by Accordia Life and Annuity Company.

10. "L&M Consulting" shall mean L&M Consulting Group, Inc., a New York corporation registered on March 12, 1999 at 2 Rector Street, Suite 1202, New York, New York 10006, its officers, agents and/or employees.

11. "Larmar" shall mean Larmar Foundation, the Panamanian Interest Foundation registered to Microjacket 30959, Document 1417508 of the Public Registry in the Republic of Panama.

12. "Lebedev" shall mean Alexander Lebedev and any person acting or purporting to act on his behalf.

13. "LM Entities" shall mean any or all of the following New York entities, its officers, agents and/or employees: FIC; ICG; LM Property Management, LLC, LM Realty 31B, LLC, LM Realty 18 West, LLC, LM Realty 27D, LLC, LM Realty 20A, LLC, LM Realty 23H, LLC, LM Realty 24C, LLC, LM Realty 10C, LLC.

14. "LM Revocable Trust" shall mean the Larisa Markus Revocable Trust created on February 14, 2011 in New York, New York.

15. "LM Trusts" shall mean Larmar and the LM Revocable Trust.

16. "Markus Recognition" shall mean the recognition and relief granted in *In re Larissa Markus* in the United States Bankruptcy Court for the Southern District of New York (Case No. 19-10096-MKV) ("Markus Case") after the hearing held on February 27, 2019 in the Markus Case ("Markus

6

Recognition Hearing"), which recognition is evidenced in the Order dated April 1, 2019 [Markus Case ECF No. 29] ("Markus Recognition Order"), and which, *inter alia*, recognized Markus' Russian insolvency proceeding pursuant to the recognition petition filed by the Markus Foreign Representative on January 10, 2019 ("Markus Recognition Petition") in the Markus Case.

17. "Markus" shall mean Larisa Markus (regardless of the spelling), and all persons acting on her behalf, including but not limited to members of her family, officers, agents, attorneys, employees, and representatives, and the recipient of this Subpoena.

18. "Markus Asset" shall mean any asset located outside Russia in which Markus has a direct or indirect interest, including, but not limited to:
    i. LM Entities' assets;
    ii. Nevis Entities' assets;
    iii. 550 Park's assets;
    iv. NYC Apartments;
    v. Bluestone Investments;
    vi. Insurance Policies; and
    vii. Overseas Property.

19. "Nevis Entities" shall mean any or all of the following entities, its officers, agents and/or employees:
    i. Jadonica Limited, a Nevis entity registered on November 12, 2009 at P.O. Box 556, Main Street, Charlestown, Nevis;
    ii. Alcorta Investments Ltd., a Nevis entity registered on November 12, 2009 at P.O. Box 556, Main Street, Charlestown, Nevis;
    iii. Fortitude Investments Inc., a Nevis entity registered on December 30, 2009 at P.O. Box 556, Main Street, Charlestown, Nevis.

20. "NYC Apartments" shall mean Apartments 27D, 31B and 31C at 10 West End Avenue, New York, NY 10023, Apartment 26A at 18 West 48th Street, New York, NY 10036, Apartments 20A, 23H and 24C at 40 Broad Street, New York, NY 10004 and Apartment 10C at 50 Riverside Boulevard, New York, NY 10069.

21. "Overseas Property" shall mean any Markus Asset located outside the United States, including but not limited to properties located at 19 Albert Court, Prince Consort Road, London; Ashburton House, 7 Rutland Gardens, London; at Flat 7, De Vere Gardens, London; 3 Rue du Boccador, Paris; at 11 Avenue Montaigne, Paris; 53 Avenue Montaigne, Paris.

22. "Prolegal" shall mean Prolegal International, Inc., a Delaware corporation registered on September 6, 2016.

23. "Protax Entities" shall mean Protax Services Corp., Protax Services, Inc., Protax Services Consulting, Inc., any members, officers, directors, employees, agents, representatives thereof, and any person acting or purporting to act for or on their behalf.

24. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and including but not limited to all correspondence, emails and texts.

25. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

7

26. <u>"Document"</u> is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and including but not limited to emails and texts. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" includes hardcopy and electronic information, including but not limited to emails and texts, regardless of manner of storage.

27. <u>"Identify" (with respect to documents)</u> means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

28. <u>"Identify" (with respect to persons)</u> means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

29. <u>"Person"</u> is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

B. The following rules of construction apply to all discovery requests:

1. <u>All/Any/Each</u>. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

4. <u>Including</u>. The term "including" shall be deemed to be followed by the phrase "but not limited to."