THE LAW OFFICES OF DANIEL A. SINGER PLLC
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017

TEL: (212) 569-7853
FAX: (212) 683-8332

EMAIL: INFO@DASINGERLAW.COM
WWW.DASINGERLAW.COM

July 26, 2019

By ECF
The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, New York 10004-1408

                                        Re:    In re:
                                                  Foregn Economic
                                                  Industrial Bank Limited,
                                                  "VNESHPROMBANK" Ltd.
                                                  Case No. 16-13534 (the "Bank Action")/
                                                  In re:
                                                  Larisa Mara Markus
                                                  Case No. 19-10096-MKV (the "LM
                                                  Action")

Dear Judge Glenn:

       We are co-counsel for LM Realty 31B, LLC; LM Realty 27D, LLC; LM Realty 24C, LLC; LM Realty 23H, LLC; LM Realty 20A, LLC; LM Realty 18 West, LLC; The Larisa Markus Revocable Trust; First Integrated Construction, Inc. Innovative Construction Group, Inc. and The Larmar Foundation (collectively, the "Lm Entities") as well as Protax Services Inc.; Protax Services Consulting, Inc.; and Ilya Bykov (collectively the "Protax Entities[1]") in both the Bank Action and LM Action (collectively, the "Subject Actions").

       I am writing in response to Mr. Marks's letter and proposed order filed as *dkt no. 97*[2] in the LM Action regarding the depositing of certain moneys into escrow in connection to what has been termed by him as the "Emergency Motion" (the "Subject Motion") which seeks <u>inter alia</u> to entrust the assets of the Larisa Markus Revocable Trust (the "LM Revocable Trust") to the Foreign Representative and to address certain issues relating to the proceeds stemming from the sale of certain real property in the United Kingdom (the "UK Property").

       As the Court is aware, in connection with the Subject Motion, the Honorable Mary Kay Vyskocil set forth an interim order on May 29, 2019 (the "May 29th Order", LM Action *dkt. no. 57*) to address the "concerns" of the Foreign Representative which set forth, in pertinent part, as follows:

---

[1] Mr Bykov is obviously not an entity but is referred to as part of the Protax Entities for ease of reference.
[2] As I had set forth in an email to Your Honor earlier day, the Foreign Representative had only sent me its proposed order for the first time at approximately 10:30 pm yesterday.

    ORDERED, that, pending a ruling on the Foreign
    Representative's Emergency Motion, brought by Order to
    Show Cause, to Entrust the Assets of the LM Revocable
    Trust to the Foreign Representatives, the U.K. Funds shall
    not be transferred to, from, or between any account or
    entities.

  As explained to the Court during the July 23rd conference, the only factor which has changed since the issuance of the May 29th Order is that Chase Bank ("Chase") has advised the LM Revocable Trust that its account (the "LM Revocable Trust Account") is being closed on August 25, 2019 (a copy of the account closure notice [hereinafter the "Notice"] is annexed hereto as Exhibit A). As I explained to the Court, my client has further advised me that commencing around August 9, 2019, Chase will start limiting access to the LM Revocable Trust Account and, as such, it is important that this matter be addressed prior to that time.

  During the July 23, 2019 conference, I advised the Court that the LM Revocable Trust was seeking permission for me to hold the proceeds of the LM Revocable Trust Account in escrow in my law firm's attorney trust account pending the determination of the Subject Motion. Specifically, this would involve opening a sub-account in my attorney trust account titled to the "Larisa Markus Revocable Trust". I would provide Mr. Marks with the documentation pertaining to the opening of such account and would provide Mr. Marks with monthly statements so that he can see that the balance therein is being maintained and that there are no transfers. Such funds would be held by me as an officer of the Court and there is absolutely no risk that any transfer of the funds will occur absent judicial permission[3]. It is respectfully submitted that this is the only appropriate way of handling the matter as it maintains the "status quo" pending the determination of the Subject Motion.

  It is respectfully submitted that Mr. Marks' proposal regarding submitting the funds into a joint escrow account is completely improper as an interim order as it involves altering the "status quo" and effectively provides Mr. Marks and the Foreign Representative with ownership rights over the funds- the ultimate relief which is being sought in the Subject Motion- without providing the Protax Entities and the LM Entities with the opportunity to be heard, which constitutes a denial of their due process.

  Moreover, Mr. Marks' attempt to implicate the funds in the 550 Park Avenue LLC Account (the "550 Park Account") so as to also have such funds transferred to a joint escrow account is simply over the top. Indeed, there is absolutely no issue with respect to the 550 Park Account as such account is not being closed. As set forth above, the funds in the 550 Park Avenue Account pertaining to the sale of the UK Property have

---

[3] Regrettably, Mr. Marks' letter is replete with misrepresentation regarding disclosure which has been made in action. None of this has any relevancy with respect to my, as an officer of the court, holding the proceeds in the LM Revocable Trust Account in escrow. As set forth in the motions filed by Victor Worms, Esq. challenging the recognition orders in both the Bank Action and LM Action, however, there are serious assertions of misdoings by Marks & Sokolov LLP which calls into question the integrity of said law firm.

already been restrained by the Subject Order. Moreover, Mr. Marks is well aware that there has been no transfer from either the LM Trust Account or the 550 Park Account since the Subject Order went into effect, whether with respect to the proceeds from the UK Property or otherwise[4], as his office has been receiving copies of bank statements pertaining to same. Indeed, Mr. Marks' attempt to exercise control and ownership over the 550 Park Account and LM Revocable Trust Account is a violation the Subject Order as same had specifically set forth the interim relief which was to be in place pending the resolution of the Subject Motion and same did not provide for any exercise of control over any of the LM Entity accounts.

Equally unavailing is Mr. Marks' "argument" that he is entitled to the joint escrow arrangement being sought because the Foreign Representative purported to "revoke" the LM Trust. Whether the Foreign Representative has the ability to revoke the LM Trust and whether or not such trust has been revoked- both of which the LM Entities and Protax Entities vehemently dispute- is the subject of its motion and it is precisely this recognition of this purported revocation of the LM Trust that the Foreign Representative is seeking as relief in the Subject Motion[5]. Again, it is respectfully submitted that awarding the Foreign Representative the relief being sought in the Subject Motion without first allowing the LM Entities and Protax Entities the opportunity to heard would be a violation of their due process and grossly improper.

Finally, contrary to the assertions set forth by the Mr, Marks' in his proposed order , there was never any order by Your Honor requiring that any funds be deposited in a joint escrow account. Indeed, this is a complete fiction. By setting forth same in his proposed order, Mr. Marks is making a misrepresentation to the Court. As such, it is respectfully requested that the Court should consider imposing sanctions on Marks & Sokolov LLC as a result of same.

As a result of the foregoing, it is respectfully requested that this Court "so order" the proposed order annexed hereto as Exhibit B and not the proposed order which was submitted to the Court by the Foreign Representative.

Respectfully submitted,

Daniel A. Singer

cc: all counsel by ECF

---

[4] As Mr. Marks concedes, there are funds in the LM Revocable Trust Account and the 550 Park Account other than the proceeds from the sale of the UK Property. This is yet another reason to deny the relief being requested by the Foreign Representative.

[5] While it is irrelevant with respect to the consideration of any interim relief, it should be noted that Mr. Marks completely mischaracterizes the ownership structure of 550 Park Avenue LLC as same is not owned by Larisa Markus.

3