**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

In re:                                                                        **FOR PUBLICATION**

      FOREIGN ECONOMIC INDUSTRIAL                          Chapter 15
      BANK LIMITED, "VNESHPROMBANK" LTD.                   Case No. 16-13534 (MG)

                    Debtor in a Foreign Proceeding.

-------------------------------------------------------------------------x

In re:

           LARISA MARKUS,                                   Chapter 15
                                Case No. 19-10096 (MG)

                    Debtor in a Foreign Proceeding.

-------------------------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO VACATE RECOGNITION AS FOREIGN MAIN PROCEEDINGS

*A P P E A R A N C E S:*

LAW OFFICES OF VICTOR A. WORMS
*Attorneys for Debtor Foreign Economic Industrial Bank, Ltd,*
*"Vneshprombank" Ltd. in the Bank Case*
            and
*Attorneys for Debtor Larisa Markus in the Markus Case*
48 Wall Street, Suite 1100
New York, NY 10005
By:    Victor A. Worms, Esq.


 MARKS & SOKOLOV, LLC
*Attorneys for Yuri Vladimirovich Rozhkov in his Capacity*
*as Trustee and Foreign Representative for the Debtor in the Markus Case*
            and
*Attorneys for State Corporation "Deposit Insurance*
*Agency" in its Capacity as Trustee and Foreign*
*Representative for the Debtor in the Bank Case*
1835 Market Street, 17th Floor
Philadelphia, PA 19103
By:    Bruce S. Marks, Esq.
        Nina Farzana Khan, Esq.
          and
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
By:    Gerard DiConza, Esq.
        Lance A. Schildkraut, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court in each of these two chapter 15 cases are motions to vacate prior orders entered by Judge Vyskocil recognizing each of the underlying Russian foreign proceedings as a foreign main proceeding.  For ease of reference, the Court will refer to these two cases as the "Markus Case" and the "Bank Case."  (*See* "Markus Motion to Vacate," *Markus Case*, ECF Doc. # 70; "Bank Motion to Vacate," *Bank Case*, ECF Doc. # 106).  On June 24, 2019, both cases were transferred to me.  Both motions were filed by attorney Victor Worms ("Worms").  Worms represents Larisa Markus, the foreign debtor in the Markus Case.  Worms claims that he represents the Bank in the Bank Case, but the Foreign Representative in the Bank Case disputes that Worms was ever authorized to represent Foreign Economic Industrial Bank, Ltd. ("Bank") in the Bank Case.[1]  The Court will assume without deciding for purposes of this decision only that Worms represents the Bank in connection with the Bank Motion to Vacate.  Both motions raise substantially similar arguments and both motions are resolved in this Opinion.

For the reasons explained below, the Markus Motion to Vacate and the Bank Motion to Vacate are **DENIED.**

## I.    BACKGROUND

On March 11, 2016, on application of the Central Bank of Russia, the Moscow Arbitration Court declared the Bank insolvent and commenced a bankruptcy proceeding under the Russian Federation Federal Law No 127-FZ "On Insolvency (Bankruptcy)" (the "Russian Bankruptcy Law").  ("Bank Russian Insolvency Proceeding".)  The Arbitration Court appointed the State Corporation "Deposit Insurance Agency" ("DIA" or "Bank Foreign Representative") as

---

[1]    On July 3, 2019, Worms filed a notice of appearance on behalf of Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd., more than 2 ½ years after the case was filed by the Foreign Representative.  (*Bank Case*, ECF Doc. # 105.)

the trustee for the Bank.  Thereafter, in accordance with Russian Bankruptcy Law, the DIA on

March 16, 2016 sent a report to the Moscow Arbitration Court designating Korzhenkova Natalia

Igorevna as the authorized representative, with power of attorney, to act on behalf of the DIA in

respect of the Russian Insolvency Proceeding.  (Russian Counsel Declaration at Ex. C, ECF Doc.

# 5-3.)  On November 10, 2016, the DIA sent a report to the Moscow Arbitration Court

indicating that as of November 7, 2016 Khalizev Aleksandr Victorovich succeeded Korzhenkova

as the authorized representative to act on behalf of the DIA in respect of the Russian Insolvency

Proceeding.

On December 19, 2016, the DIA filed a *Verified Petition Under Chapter 15 for

Recognition of Foreign Main Proceeding.*  ("Bank Petition," *Bank Case*, ECF Doc. #1.)

On April 19, 2016, Bank VTB 24, a creditor of Markus, filed an application for the

commencement of a personal bankruptcy proceeding against Markus under the Russian

Bankruptcy Law.  The application for commencement was granted on April 22, 2016, by the

Moscow Arbitrazh Court.  On October 18, 2016, the Moscow Arbitrazh Court entered an order

granting the application of Bank VTB 24, initiating a debt restructuring procedure in respect of

Markus and appointing the Markus Foreign Representative as Markus' financial administrator

(the "Commencement Order").  On May 25, 2017, the Moscow Arbitrazh Court determined that

there was no evidence that Markus was eligible for a restructuring of debts and that there was

evidence that Markus is bankrupt and initiated a procedure to liquidate her assets.  By the same

judgment, the Moscow Arbitrazh Court appointed the Markus Foreign Representative as

Markus' financial administrator to preside over the liquidation.

On January 10, 2019, Yuri Vladimirovich Rozhkov ( "Markus Foreign Representative"),

the financial administrator and foreign representative of Larisa Markus (the "Debtor" or

3

"Markus") in Markus' pending insolvency proceeding (the "Markus Russian Insolvency Proceeding") under the Russian Federation Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "Russian Bankruptcy Law"), filed a *Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding.* ("Markus Petition," *Markus Case*, ECF Doc. # 2.) Markus is a Russian citizen incarcerated in Moscow. (*Id.* ¶ 6.) The Markus Petition stated that venue was proper in the Southern District Bankruptcy Court because of two actions pending against Markus in this district: *HSBC Bank USA, N.A. v. LM Realty 31B, LLC et al.*, Case No. 850323/2018 (New York Sup. Ct. 2018) and *BG Atlantic, Inc. v. Larisa Markus*, Case No. 655892/2016 (New York Sup. Ct. 2017). (Markus Petition at 2.) Markus also owns assets in New York, including shares of a corporation registered in New York. The Markus Foreign Representative also has an unapplied attorney retainer that was held for the benefit of Markus' estate. (*Id.*) The Markus Petition states that Markus does not have a place of business or assets in the United States. (*Id.*) As will be discussed in resolving a separate pending motion, Markus in fact has substantial assets in New York as a result of a transfer of funds by Markus resulting from the sale of Markus' London apartment; the assets were transferred to and held in a New York bank account of a revocable trust for which Markus was the settlor.

On May 27, 2019, the Markus Foreign Representative took steps to terminate the revocable trust; Worms disputes that the termination was effective, an issue that will be dealt with in a separate opinion. If the termination was effective, the trust assets reverted to Markus' bankruptcy estate, which the Foreign Representative seeks to recover in a pending turnover motion.

On May 28, 2019, Worms appeared as counsel for Markus in the Markus Case. (ECF Doc. # 55.) As a result of that notice of appearance, Markus, through Worms, has appeared

generally in the Markus chapter 15 Case.  As a result of Worms' appearance, Markus became a

party to the Markus Case; Worms thereby became obligated to fulfill all responsibilities of

counsel appearing in an any case in this Court.  Worms' disregard of his professional

responsibilities in respect of discovery undertaken on behalf of the Markus Foreign

Representative has resulted in a substantial sanctions award against Worms.  Markus and Worms

have repeatedly violated orders entered in this case.

### A.    Recognition Was Granted in the Bank Case and the Markus Case

On February 10, 2017, Judge Vyskocil, before whom both the *Markus Case* and the *Bank

Case* were pending before being transferred to me on June 24, 2019, held a hearing on the

Verified Petition in the *Bank Case*.  ("Recognition Hearing," *Bank Case*, ECF Doc. # 27.)    The

Court ruled that the Foreign Representative met the requirements for recognition pursuant to

section 1517(a).  (*Id.* at 19:1-11.)  The Court noted that it received all required documentation,

including the Sokolov Declaration.  (*Id.* at 19:10-11.)  On February 15, 2017, the Court entered

an order granting recognition of the foreign main proceeding.  ("Bank Foreign Main Proceeding

Order," *Bank Case*, ECF Doc. # 24.)

On February 27, 2019, Judge Vyskocil held a hearing on the Verified Petition in the

*Markus Case*.  ("Recognition Hearing," *Markus Case*, ECF Doc. # 24.)  At the hearing, the

Foreign Representative's counsel stated that the Verified Petition was unopposed.  (*Id.* at 14: 9-

15.)  The Sokolov and Rozhkov Declarations in support of the Verified Petition were offered and

admitted into evidence and no one requested to cross-examine the declarants.  (*Id.* at 18-25.)

Sokolov was present at the hearing to be cross-examined, if there was an objection.  (*Id.* at 15: 9-

10.)

On April 1, 2019, Judge Vyskocil entered an order granting recognition and relief in aid of a foreign main proceeding pursuant to sections 105(a), 1517, 1520, and 1521.  ("Recognition Order," *Markus Case*, ECF Doc. # 29.)  The Court found that, pursuant to section 1514, appropriate and timely notice of the filing of the Petition and Hearing was given by the Foreign Representative, and that such notice was sufficient for all purposes, and no further notice was necessary or required.  (*Id.* ¶ A.)  The Court also found that all interested parties had an opportunity to be heard at the hearing.  (*Id.* ¶ B.)  Moreover, the Foreign Representative satisfied the requirements of section 1515 and Fed. R. Bankr. P. 1007(a)(4) because the Debtor is subject to a pending foreign proceeding under section 101(23), and the Russian Insolvency Proceeding is pending in Moscow, Russia where the Debtor's center of main interests is located.  (*Id.* ¶ G(i)-(ii).)  Accordingly, the Court found that the Russian Insolvency Proceeding is a "foreign main proceeding" under section 1502(4), and entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1).  (*Id.* ¶ G(ii).)  Lastly, the Court found that the chapter 15 case was properly commenced under sections 1504 and 1515, the Petition satisfies the requirements of section 1515, and recognition is not manifestly contrary to U.S. public policy.  (*Id.* at (iv)-(vii).)

### B.    Worms Moved to Vacate Recognition

On June 18, 2019, Worms filed a Motion to Vacate the Recognition Order, supported by a Memorandum of Law and Declaration.  ("Markus Motion to Vacate," "Worms Declaration," and "Markus Motion to Vacate MOL," *Markus Case*, ECF Doc. # 70.)   On July 3, 2019, Worms filed a similar Motion to Vacate the Recognition Order on behalf of the Bank, supported by a Memorandum of Law and Declaration.  ("Bank Motion to Vacate," "Worms Declaration," and "Bank Motion to Vacate MOL," *Bank Case*, ECF Doc. ## 106-107.)  Worms argues that the

Order should be vacated under Federal Rule of Civil Procedure 60(b) because the Bankruptcy

Court did not have personal jurisdiction over Markus.  (Markus Motion to Vacate MOL at 5.)

Worms argues that service of the chapter 15 petition did not comply with Federal Rule of Civil

Procedure 4(f) and the Hague Convention.  (*Id.*)  Moreover, Worms argues that the Order should

be vacated because the Bankruptcy Court did not conduct an evidentiary hearing before the

Order was granted.  (*Id.* at 15.)  Lastly, Worms argues that the Order should be vacated under the

public policy exception in section 1506 because the Russians are using chapter 15 proceedings to

undermine the United States judicial system.  (*Id.* at 19-21.)

The Bank moved on similar grounds to Markus but included one additional argument,

namely that the Order should be vacated because it was not eligible to be a debtor under section

109(a) since it had no property in the United States on the date the Petition was filed.  (Bank

Motion to Vacate MOL at 22.)

On July 10, 2019, the Foreign Representative in the *Markus Case* filed an Opposition to

Markus's Motion to Vacate the Recognition Order, supported by a Declaration from Sergey S.

Sokolov.  ("Markus Opposition," *Markus Case*, ECF Doc. #80; "Sokolov Declaration," *Markus

Case*, ECF Doc. #81.)  On August 16, 2019, the Foreign Representative in the *Bank Case* filed a

Memorandum of Law in Opposition to the Motion to Vacate the Bank's Order.  ("Bank

Opposition," *Bank Case*, ECF Doc. # 133.)  The oppositions argue that Markus and the Bank are

not entitled to relief under Federal Rule 60(b)(4) because the Court is not exercising personal

jurisdiction over them.  (Markus Opposition at 7; Bank Opposition at 15-23.)   Instead, they

argue this is not an extraordinary case meriting Rule 60(b)(6) relief because a Russian court has

already established jurisdiction over her, and this Court is recognizing that foreign proceeding.

(Markus Opposition at 7-8, 17-18; Bank Opposition at 15-23.)  The Foreign Representative also

properly notified Markus of the Petition and hearing pursuant to Bankruptcy Rule 2002(q)(1).

(Markus Motion to Vacate MOL at 16-17.)  Moreover, no evidentiary hearing was required to

determine that Russia is Markus' COMI and Worms has failed to put forward any arguments

establishing why the public policy exception applies.  (*Id.* at 23-25.)

On July 15, 2019, Worms filed a Reply Motion in further support of Markus'

Motion to Vacate the Order.  ("Markus Reply," *Markus Case*, ECF Doc. # 85.)  On September 3,

2019 Worms filed a Reply Memorandum of Law in further support of the Bank Motion to

Vacate the Order.  ("Worm's Reply," *Bank Case*, ECF Doc. # 139.)

## II.    LEGAL STANDARD

### A.    11 U.S.C. § 109(a)

Section 109(a) sets forth the requirements to be eligible to be a debtor under the

Bankruptcy Code.  *See* 2 COLLIER ON BANKRUPTCY ¶ 109.01 (16th ed. 2019).  Section 109(a)

provides that "[n]otwithstanding any other provision of this section, only a person that resides or

has a domicile, a place of business, or property in the United States, or a municipality, may be a

debtor under this title."  11 U.S.C. § 109(a).  The Second Circuit has held that section 109(a)

applies to chapter 15 proceedings.  *See Drawbridge Special Opportunities Fund LP v. Barnet (In

re Barnet)*, 737 F.3d 238, 247 (2d Cir. 2013).  An entity or individual must be eligible to be a

debtor under section 109(a) before the court can grant recognition of its foreign proceeding.  *See

id.*

Bankruptcy courts within the Second Circuit have found that section 109(a) sets a low bar

to satisfy the eligibility requirements.  *See* 8 COLLIER ON BANKRUPTCY ¶ 1517.01 (16th ed.

2019).  Section 109(a) does not specify how much property must be present or when or for how

long property has had a situs in New York.  *See In re Berau Capital Res. Pte Ltd*, 540 B.R. 80,

82 (Bankr. S.D.N.Y. 2015).  Bank accounts, attorney retainers deposited in New York, or causes

of action owned by the foreign debtor with a situs in New York have all satisfied the "property in

the United States" eligibility requirement.  *See id.*; *In re Octaviar Admin. Pty Ltd*, 511 B.R. 361,

372 (Bankr. S.D.N.Y. 2014) ("Octaviar also has property in the United States in the form of an

undrawn retainer in the possession of the Foreign Representatives' counsel."); *see also In re*

*Yukos Oil,* (321 B.R. 396, 407 (Bankr. S.D. Tex. 2005) (holding that funds deposited by debtor

in a Texas account were sufficient to confer eligibility under section 109(a)); *In re Glob. Ocean*

*Carriers*, 251 B.R. 31, 39 (Bankr. D. Del. 2000) (holding that any debtor who has paid a retainer

that is not fully earned can be eligible for debtor status under section 109(a)); 2 COLLIER ON

BANKRUPTCY ¶ 109.02 (16th ed. 2019) ("[C]ourts have been willing to entertain title 11 cases

brought by or against foreign persons in the United States where the debtor's nexus to the United

States was as tenuous as ownership of stock, a clearing account, or bank account.").

### B.        11 U.S.C. § 541

Upon the filing of a bankruptcy petition under chapters 7, 11, 12 and 13 of the

Bankruptcy Code, a bankruptcy estate consisting of all property interests of the debtor is created.

*See* 11 U.S.C. § 541.  However, section 541 does not apply to chapter 15 cases.  *See In re Berau*

*Capital Res. Pte Ltd*, 540 B.R. at 83 n.4 ("In a chapter 15 case, there is no 'estate'; nevertheless,

section 1520(a) imposes an automatic stay on any action with respect to the debtor's property

located in the United States."); *In re British Am. Ins. Co. Ltd*., 488 B.R. 205, 222-23 (Bankr. S.D.

Fla. 2013) ("In light of the United States court's ancillary role under chapter 15, there is no estate

created here in a chapter 15 case.  Section 541(a), establishing the estate under all chapters other

than chapter 9, does not apply.").  While no estate is created in a chapter 15 case, that chapter

provides broad relief to a foreign representative with respect to property of the debtor in the

United States.  The record shows that Larissa Markus, directly or indirectly, owns and controls many millions of dollars of property in the U.S. and specifically in New York.  The full extent of her holdings in New York has been largely concealed through stonewalling of legitimate discovery undertaken by the Foreign Representative and his counsel.  Issues concerning that discovery abuse by Markus' attorneys, agents and representatives will be dealt with in separate orders.

### C.    Rule 60(b)

Civil Rule 60(b), made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure, governs a request for relief from a final judgment, order, or proceeding.  *See In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 203 n.15 (Bankr. S.D.N.Y. 2017).  Circumstances warranting relief from an order under Rule 60(b) include: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence and fraud.  FED. R. CIV. P. 60(b)(1)-(6).  However, the Second Circuit has repeatedly found that "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *United States v. Int'l Bd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *United States v. Cirami*, 535 F.2d 736, 738 (2d Cir. 1976).

Bankruptcy courts have found that Rule 60(b) does not apply to vacating orders granting recognition of a foreign proceeding because section 1517(d) of the Bankruptcy Code already provides the standard for a request to terminate or modify recognition.  *See In re Oi Brasil Holdings Cooperatief U.A.,* 578 B.R. at 203.  Section 1517(d) provides that "[t]he provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist . . . ."  11 U.S.C. § 1517(d).  Moreover, courts have been reluctant to apply Rule 60(b) to a chapter 15 case because

it does not provide sufficient "flexib[ility] to achieve the goals of chapter 15." *In re Oi Brasil Holdings Cooperatief U.A.,* 578 B.R. at 203; *see also In re Rede Energia S.A.*, 515 B.R. 69, 91 (Bankr. S.D.N.Y. 2014) ("Chapter 15 thus provides courts with broad, flexible rules to fashion relief that is appropriate to effectuate the objectives of the chapter in accordance with comity."); *In re Cozumel Caribe, S.A. de C.V.*, 508 B.R. 330, 334–35 (Bankr. S.D.N.Y. 2014) ("Under Bankruptcy Code section 1517(d), recognition of a foreign proceeding can be modified or terminated 'if it is shown that the grounds for granting it were fully or partially lacking and or have ceased to exist,' after consideration of prejudice to parties that have relied on the recognition order. . . .  The same factors relevant in determining whether to grant recognition are therefore relevant in determining whether to terminate a recognition order."); *In re Ashapura Minechem Ltd.,* No. 11–14668(JMP), 2011 WL 5855475, at *5 (Bankr. S.D.N.Y. Nov. 22, 2011) (stating that a recognition order could be terminated "in the interests of justice").

### D.    Chapter 15's Framework for Recognition of Foreign Proceedings

Under chapter 15, a case ancillary to a foreign proceeding is commenced by filing a petition for recognition of a foreign proceeding.  *See* 11 U.S.C. § 1504.  Under section 101(23), a foreign proceeding is defined as: "(i) a proceeding; (ii) that is either judicial or administrative; (iii) that is collective in nature; (iv) that is in a foreign country; (v) that is authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation."  8 COLLIER ON BANKRUPTCY ¶ 1517.01 (16th ed. 2019).  For a foreign proceeding to gain recognition under chapter 15, the individual or entity seeking recognition must be a "foreign representative," defined by the Code as "a person . . . authorized in a foreign proceeding to administer the reorganization or the

liquidation of the debtor's assets or affairs or to act as a representative of such foreign

proceeding." 11 U.S.C. § 101(24).

Section 1517 of the Bankruptcy Code provides the following regarding recognition of

foreign proceedings:

> (a) Subject to section 1506, after notice and a hearing, an order
> recognizing a foreign proceeding shall be entered if—
>
>> (1) such foreign proceeding for which recognition is sought is
>> a foreign main proceeding or foreign nonmain proceeding
>> within the meaning of section 1502;
>> (2) the foreign representative applying for recognition is a
>> person or body; and
>> (3) the petition meets the requirements of section 1515
>
> (b) Such foreign proceeding shall be recognized—
>
>> (1) as a foreign main proceeding if it is pending in the country
>> where the debtor has the center of its main interests; or
>> (2) as a foreign nonmain proceeding if the debtor has an
>> establishment within the meaning of section 1502 in the
>> foreign country where the proceeding is pending.

11 U.S.C. § 1517(a) & (b).

The language of this section makes clear that the decision whether to grant recognition is

not dependent upon any findings about the nature of the foreign proceeding as previously

mandated by section 304(c)(2). *See* 8 COLLIER ON BANKRUPTCY ¶ 1517.01 (16th ed. 2019).

Instead, if the three requirements of this section are met, the court is obligated to grant

recognition. *See id.* Moreover, case law reveals that there is no requirement that the hearing be

an evidentiary hearing.

"'[F]oreign main proceeding' means a foreign proceeding pending in the country where

the debtor has the center of its main interests." 11 U.S.C. § 1502(4). The Bankruptcy Code does

not define "center of its main interests"; however, the Code does provide that "[i]n the absence

of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests."  11 U.S.C. § 1516(c); *see also In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010).  With presentation of evidence, however—especially evidence indicating that the recognition proceedings were commenced for an improper purpose—the statutory presumption of section 1516(c) may be overcome.  *In re SPhinX, Ltd.*, 371 B.R. 10, 19 (S.D.N.Y. 2007).  While the Code does not define "habitual residence," domestic and foreign courts interpret it similarly to the United States concept of "domicile" (*i.e.*, "physical presence in a location coupled with intent to remain there indefinitely."  *In re Ran*, 607 F.3d at 1022.  "One acquires a 'domicile of origin' at birth, and that domicile continues until a new one (a 'domicile of choice') is acquired . . . To defeat the presumption of continuing domicile and establish a new domicile, an individual must demonstrate residence in a new state and an intention to remain in that state indefinitely."  *Id.* at 1022.

With respect to individual debtors' COMI, courts have considered: "(1) the location of a debtor's primary assets; (2) the location of the majority of the debtor's creditors; and (3) the jurisdiction whose law would apply to most disputes."  *In re Ran*, 607 F.3d at 1024; *In re Loy*, 380 B.R. 154, 161 (Bankr. E.D. Va. 2007).

Section 1516 also establishes a presumption of the authenticity of documents submitted with the recognition petition, which the court may decline to give great weight if other evidence points to their lack of authenticity.  11 U.S.C. § 1516(b); 8 COLLIER ON BANKRUPTCY ¶ 1516.02 (16th ed. 2019).

Recognition of a foreign main proceeding may only occur upon a showing that: (1) there is a foreign proceeding pending in the country where the debtor has the center of its main interests and (2) the further requirements of section 1515 are met.  8 COLLIER ON BANKRUPTCY ¶

1515.02 (16th ed. 2019).  These requirements include presentation of (1) a certified copy of the

decision commencing the foreign proceeding and appointing the foreign representative; (2) a

certificate from the foreign court affirming the existence of the proceeding and appointment of

the representative; or (3) in the absence of (1) or (2), evidence which the court deems sufficient

to confirm the existence of the foreign proceeding and appointment of the foreign representative.

11 U.S.C. § 1515(b).  The petition must also be accompanied by a statement identifying all

known foreign proceedings with respect to the debtor, 11 U.S.C. § 1515(c), and if applicable, a

translation of the evidentiary materials into English.  11 U.S.C. § 1515(d).

Recognition of a foreign main proceeding is limited by section 1506.  Section 1506

provides that the court may "refus[e] to take an action governed by this chapter if the action

would be manifestly contrary to the public policy of the United States."  11 U.S.C. § 1506.

Courts have held that Congress's use of the word "manifestly" requires the statute to be

interpreted restrictively.  *See Micron Tech. v. Qimonda AG,* 433 B.R. 547, 567–70

(E.D.Va.2010) (reviewing decisions to date); *see also In re British Am. Isle of Venice (BVI),*

*Ltd.,* 441 B.R. 713, 717 (Bankr. S.D. Fla. 2010).  Accordingly, "[S]ection 1506 should be

invoked only under exceptional circumstances concerning matters of fundamental importance to

the United States."  *Id.*  In determining whether to apply section 1506, courts have focused on

two factors: "(1) whether the foreign proceeding was procedurally unfair; and (2) whether the

application of foreign law or the recognition of a foreign main proceeding under Chapter 15

would severely impinge the value and import of a United States statutory or constitutional right,

such that granting comity would severely hinder United States bankruptcy courts' abilities to

carry out . . . the most fundamental policies and purposes of these rights."  *In re Fairfield Sentry*

*Ltd.*, No. 10 CIV. 7311 GBD, 2011 WL 4357421, at * 8 (S.D.N.Y. Sept. 16, 2011), *aff'd*, 714

F.3d 127 (2d Cir. 2013) (citations omitted).

Upon an order recognizing a proceeding as a foreign main proceeding, section 1520 of

the Bankruptcy Code makes the automatic stay under sections 361 and 362 applicable with

regard to a stay of actions against property of the debtor within the jurisdiction of the United

States. The statute refers to "property of the debtor" to distinguish it from the "property of the

estate" that is created under section 541(a). In a chapter 15 case, there is no "estate";

nevertheless, section 1520(a) imposes an automatic stay on the debtor's property located in the

United States. *In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 864 n.48 (Bankr. C.D. Cal. 2008).

Section 1520(a) also applies sections 363, 549 and 552 of the Code to any transfer of a

debtor's interest in property within this same jurisdiction; it allows a foreign representative to

operate a debtor's business by exercising the rights and powers of a trustee under sections 363

and 552; and it applies section 552 to property of the debtor that is within the territorial

jurisdiction of the United States. 11 U.S.C. § 1520(a).

Section 1521(a) outlines the discretionary relief a court may order upon recognition. 11

U.S.C. § 1521(a). The discretion that is granted is "exceedingly broad," since a court may grant

"any appropriate relief" that would further the purposes of chapter 15 and protect the debtor's

assets and the interests of creditors. 8 COLLIER ON BANKRUPTCY ¶ 1521.01 (16th ed. 2019).

"Section 1521(a)(4) enables discovery" and "[s]ubsection 1521(a)(5) permits the delivery

of assets located in the United States to a foreign representative or another person for

administration or realization but stops short of allowing repatriation or distribution." 8 COLLIER

ON BANKRUPTCY ¶ 1521.02 (16th ed. 2019). Discovery under section 1521(a)(4) "enables a

Foreign Representative to take broad discovery concerning the property and affairs of a [foreign] debtor." *In re Millennium Glob. Emerging Credit Master Fund Ltd*., 471 B.R. 342, 346 (Bankr. S.D.N.Y. 2012). Where discovery is sought, the protective conditions of section 1522 apply.

"Section 1521(a)(7) authorizes the court to grant to the foreign representative the sort of relief that might be available to a trustee appointed in a full bankruptcy case," including the turnover of property belonging to the debtor. *In re Inversora Eléctrica de Buenos Aires S.A.,* 560 B.R. 650, 655 (Bankr. S.D.N.Y. 2016) (internal citation omitted). Section 1521(a)(7) carves out, however, avoidance powers under sections 544, 547 and 548, which are only available to the trustee in a full case under another chapter. 8 COLLIER ON BANKRUPTCY ¶ 1521.02 (16th ed. 2019).

Section 1521(b) permits the court, at the request of the foreign representative, to "entrust the distribution of all or part of the debtor's assets located in the United States to the foreign representative . . . provided that the court is satisfied that the interests of the creditors in the United States will be sufficiently protected." 11 U.S.C. § 1521(b). For example, in *In re Tri-Continental Exch. Ltd*., 349 B.R. 627 (Bankr. E.D. Cal. 2006), the court permitted the turnover of funds to foreign representatives for administration where the funds would be maintained in a deposit account within the jurisdiction of the court but could be used to fund efforts to realize additional assets.

### E.    Rule 7004(f), The Hague Convention, and Rule 2002(q)(1)

Bankruptcy Rule 7004(f) provides that serving a summons or filing a waiver of service of an adversary proceeding in accordance with Rule 7004 or Fed. R. Civ. P. 4 is required to establish personal jurisdiction over the defendant. FED. R. BANKR. P. 7004(f). But service of a

petition and seeking recognition of the foreign main or nonmain proceeding in a chapter 15 case does not require service under Rule 7004 or Civil Rule 4.

Service of a chapter 15 petition and notice of the recognition hearing requires compliance with Bankruptcy Rule 2002(q),[2] *not* with Bankruptcy Rule 7004 or Civil Rule 4.  *See also* 9 COLLIER ON BANKRUPTCY ¶ 2002.18 (16th ed. 2019).

In *In re Japan Airlines Corp.*, 425 B.R. 732, 733 (Bankr. S.D.N.Y. 2010), the bankruptcy court granted recognition of the chapter 15 petition where: "[g]ood, sufficient, appropriate and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q)."  Similarly, in *In re Gandi Innovations Holdings, LLC*, No. 09-51782-C, 2009 WL 2916908, at *2 (Bankr. W.D. Tex.

---

[2]    Rule 2002(q) specifically applies to the required notice for recognition of a foreign proceeding.  The Rule provides as follows:

> (q) *Notice of Petition for Recognition of Foreign Proceeding and of Court's Intention to Communicate With Foreign Courts and Foreign Representatives.*
>
> (1) *Notice of Petition for Recognition.*  After the filing of a petition for recognition of a foreign proceeding, the court shall promptly schedule and hold a hearing on the petition. The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing.  The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding and shall include the petition and any other document the court may require.  If the court consolidates the hearing on the petition with the hearing on a request for provisional relief, the court may set a shorter notice period, with notice to the entities listed in this subdivision.
>
> (2) *Notice of Court's Intention to Communicate with Foreign Courts and Foreign Representatives.*  The clerk, or some other person as the court may direct, shall give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, notice by mail of the court's intention to communicate with a foreign court or foreign representative.

FED. R. BANKR. P. 2002(q).

June 5, 2009), the court found that "[n]otice of [the chapter 15] proceedings has been sufficient

and proper under the circumstances and satisfies the requirements of Fed. R. Bankr. P.2002(q).

No further notice [to the debtor] is required or necessary."

### III.    DISCUSSION

### A.    Judge Vyskocil's Recognition Orders Should Not be Vacated

#### *1    The Bank is a Debtor Under 11 U.S.C. § 109(a)*

The Bank is eligible to be a debtor pursuant to section 109(a) because the retainer

agreement was sufficient to constitute property.  Blank Rome, as counsel for the DIA, received

$65,000 as a security retainer, which it held on behalf of the Bank.  The retainer funds were

transferred to Blank Rome by Marks & Sokolov, as counsel and agent for the DIA.  (Bank

Opposition, *Bank Case*, ECF Doc. # 133 at 25-27; Antonoff Declaration, *Bank Case*, ECF Doc. #

21; Sokolov Declaration, *Bank Case*, ECF Doc. # 133-4 ¶ 12.)  A foreign debtor may satisfy the

section 109(a) property requirement by having a retainer.  *See In re Berau Capital Res. Pte Ltd*,

540 B.R. at 82.  Bank accounts, attorney retainers deposited in New York, or causes of action

owned by the foreign debtor with a situs in New York have satisfied the "property in the United

States" eligibility requirement.  *See id*.; *In re Octaviar Admin. Pty Ltd*, 511 B.R. at 3372

("Octaviar also has property in the United States in the form of an undrawn retainer in the

possession of the Foreign Representatives' counsel.").

This Court credits the Foreign Representative's Opposition and finds unpersuasive

Worm's argument that the retainer deposited in a New York bank should not be deemed

property.  (Worm's Reply, *Bank Case*, at 12-13.)  Worm's Reply alleges that that the transfer of

funds into retainer accounts was to fraudulently manufacture a debtor status.  (*Id.*)  However, this

argument fails to provide evidence to oppose the Declarations submitted by Antonoff and Sokolov.

### 2    *Rule 60(b) Does Not Apply*

Worms made his Motions to vacate Judge Vyskocil's recognition orders in the *Bank Case* and *Markus Case* pursuant to FED. R. CIV. P. 60(b).  (Bank Motion to Vacate MOL, *Bank Case,* ECF Doc. # 107 at 4; Markus Motion to Vacate MOL, *Markus Case*, ECF Doc. # 70 at 7.) However, Rule 60(b) does not apply because section 1517(d) already specifies when the court may modify or terminate recognition.  *See* 11 U.S.C. § 1517.  Even if Rule 60(b) did apply, courts only grant relief under Rule 60(b) in exceptional circumstances, and none have been demonstrated here.  *See* FED. F. CIV. P. 60(b)(1)-(6).

### 3    *Chapter 15's Framework for Recognition*

Section 1517(d) provides for terminating or modifying a recognition order.  Relief under section 1517(d) is discretionary.  *See* 8 COLLIER ON BANKRUPTCY ¶ 1517.04 (16th ed. 2019). The Court may grant relief where: (1) the basis for recognition was flawed in some way or (2) where the grounds for recognition have ceased to exist.  *See id.*  Because neither of those circumstances are present here, the motions to vacate recognition must be denied under section 1517(d).

The Court finds that Worms' Motions to Vacate the Recognition Orders in the *Markus Case* and the *Bank Case* fail.  As a threshold matter, hearings were held on the motions for recognition in compliance with section 1517(a).  Notice was provided to both debtors pursuant to Bankruptcy Rule 2002(q) and section 1517(a).  On February 10, 2017, Judge Vyskocil held a hearing on the Bank's Verified Petition.  (Bank Recognition Hearing, *Bank Case,* 19:10-11); on February 27, 2019, Judge Vyskocil held a hearing on the Verified Petition in Markus, during

which both the Sokolov and Rozhkov Declarations were admitted into evidence. (Recognition

Hearing, *Markus Case*, 14:9-25.) Under section 1517(a), the requirement of a hearing was

satisfied. *See In re Japan Airlines Corp*., 425 B.R. at 733 (granting recognition of the chapter

15 petition where "[g]ood, sufficient, appropriate and timely notice of the filing of the Petition

and the hearing on the Petition has been given by the Foreign Representative, pursuant to

Bankruptcy Rules 1011(b) and 2002(q)").

Worms' argument that there was no evidentiary hearing is meritless. Worms cites no

caselaw requiring that an "evidentiary hearing" be held. Notice of the recognition hearings was

properly given. During the recognition hearings, evidence was offered and admitted in evidence.

Nothing more was required.

Civil Rule 44.1 provides that determinations regarding foreign law are "questions of

law," not fact. *See* FED. R. CIV. P. 44.1. In *In re B.C.I. Finances Pty Ltd.,* 583 B.R. 288 (Bankr.

S.D.N.Y. 2018), the court held that determinations about foreign law are questions of law, not

fact, and the "Court is empowered to make determinations regarding foreign law, and granted

discretion to decide on its own informed judgment what materials to consider in doing so." *Id.* at

299. Thus, Judge Vyskocil was correct to consider Declarations discussing Russian law when

deciding whether to recognize the Foreign Representative. No further evidence was required.

Further, the three prongs of section 1517(a) were satisfied here. First, both matters are

foreign proceedings pending in Russia. No challenge to the Russian COMI of either Markus or

the Bank was raised at the recognition hearings. Worms' belated challenge now to the COMI

determinations is without merit. Worms acknowledged during the hearing on the motions to

vacate recognition that Markus resided in Russia before being jailed and certainly since being

jailed on her guilty plea. Worms also acknowledged that the registered office of the Bank is in

Russia.  More than this is not required.  *See In re Ran*, 607 F.3d at1024 (concluding that with

respect to an individual debtor's COMI, courts have considered: "(1) the location of a debtor's

primary assets; (2) the location of the majority of the debtor's creditors; and (3) the jurisdiction

whose law would apply to most disputes").  Based on these factors, Markus' COMI is Russia.

Second, the Foreign Representative is identified as a "person" in the *Markus Case*—Yuri

Vladimirovich Rozhkov—and a "body" in the *Bank Case*—the DIA.  Third, the petition meets

the requirements of section 1515, since (1) a certified copy of the decision commencing the

foreign proceeding and appointing the Foreign Representative was attached, and (2) a certificate

from the foreign court affirming the existence of the proceeding and appointment of the

representative are not contested.  11 U.S.C. § 1515(b).  (Sokolov Declaration, *Bank Case*, ECF

Doc. # 5-2 at 2; Sokolov Declaration, *Markus Case*, ECF Doc. # 5-6.)

        In addition, notice of the recognition hearing complied with Bankruptcy Rule 2002(q).

*See In re Japan Airlines Corp*., 425 B.R. at 733, (granting recognition where "[g]ood, sufficient,

appropriate and timely notice of the filing of the Petition and the hearing on the Petition has been

given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q)").

Notice was properly given in accordance with Rule 2002(q) in both cases, which Worms does

not contest.

        The Court rejects Worms' argument that service of the chapter 15 petition was

insufficient because it did not comply with FED. R. CIV. P. 4(f).  Very simply, notice under Civil

Rule 4(f) is *not* required.  (Markus Motion to Vacate MOL, *Markus Case*, ECF Doc. # 70 at 5;

Bank Motion to Vacate MOL, *Bank Case*, ECF Doc. 107 at 9.)  Bankruptcy Rule 7004(f)

provides that *in adversary proceedings.* service of a summons or filing a waiver of service in

accordance with Rule 7004 or Federal Rule of Civil Procedure 4 is required to establish personal

jurisdiction over the defendant.  FED. R. BANKR. P. 7004(a)(1).  But Rule 7004 does not apply to

commencement and recognition of a foreign proceeding under chapter 15.  Rather, Bankruptcy

Rule 2002(q) applies to the notice required for a petition for recognition in a chapter 15 case.

Recognition of the foreign representative and the foreign proceeding as a foreign main

proceeding provides the foreign representative with the right of direct access to courts in the

United States, 11 U.S.C. § 1509, and, additionally, among other things, permits the court to

entrust the administration or realization of all or part of the debtor's assets located in the United

States to the foreign representative, 11 U.S.C. § 1521(a)(5).  Furthermore, "[n]othing in the

statute requires prior judicial permission for acts that do not implicate matters of comity or

cooperation by courts. . . .  The Foreign Representative need not obtain any order from the

bankruptcy court recognizing his authority as trustee to act on any rights, interests and titles of

the [Russian] bankruptcy estate."  *In re Iida*, 377 B.R. 243, 258–59 (B.A.P. 9th Cir. 2007).  This

last point is most relevant in connection with a separate motion by Markus' Foreign

Representative with respect to his action in terminating a revocable trust established by Markus,

expressly governed by New York law, holding proceeds in accounts in New York from the sale

of Markus' London property.  The Foreign Representative has filed a turnover motion, that will

be addressed in a separate opinion, seeking more than $5 million on deposit in New York that

was being held by the LM Trust.

Upon recognition, a foreign representative has *in rem* jurisdiction over property of the

foreign debtor in the United States.  It is unnecessary for a foreign representative to obtain

personal jurisdiction over the foreign debtor to exercise authority over the debtor's property in

the United States if that authority was granted to the foreign representative in the foreign

proceeding.  If a foreign representative commences an adversary proceeding against a foreign

22

debtor seeking a money judgment, the foreign representative will have to serve the summons and complaint in the manner required by Bankruptcy Rule 7004.

With respect to the discovery addressed to Markus and Worms by the Foreign Representative, Markus has appeared in this chapter 15 case through her lawyer, Worms. Having appeared, Markus and Worms are subject to discovery under the bankruptcy and civil rules. Markus and her counsel do not get a "free ride," arguing, as Worms has, that personal jurisdiction over Markus through service of process under Bankruptcy Rule 7004 and Civil Rule 4 *must* occur before she and Worms are required to respond to discovery as any other party that has appeared in a case in this Court.[3]

Worms cites no cases in support of his argument that Bankruptcy Rule 7004 applies to service of a petition seeking recognition of a chapter 15 petition, and the Court is not aware of any. Bankruptcy Rule 7004 and Civil Rule 4[4] require compliance with the Hague Convention

---

[3]     The Foreign Representative's motion for sanctions against Markus and Worms for violating discovery orders entered by this Court, and for stonewalling in discovery, will dealt with in separate order that will be entered by the Court.

[4]     Civil Rule 4(f), made applicable in bankruptcy adversary proceedings by Fed. R. Bankr. P. 7004(a)(1), provides as follows:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

where an *adversary proceeding* seeking *in personam* jurisdiction over the defendant is

commenced against a defendant who resides in a foreign country; such service is not required for

notice of a hearing for recognition of a chapter 15 petition.

On behalf of the Bank and Markus, Worms also argues that a basis to vacate the

recognition orders is section 1506's public policy exception.  Relief under section 1506 should

be "applied sparingly."  *In re ENNIA Caribe Holding N.V.*, 594 B.R. 631, 640 (Bankr. S.D.N.Y.

2018).  "The key determination is whether the procedures used in the foreign court meet our

fundamental standards of fairness."  *Id.* (citations omitted).  Worms fails to show that the

procedures in the Russian bankruptcy court with respect to Markus and the Bank do not meet the

United States' standards of fairness.  Instead, based wholly on conclusory assertions, Worms

alleges that "[t]here has been an increase in the number of chapter 15 proceedings emanating

from Russia because they have discovered that they can use chapter 15 to legal steal the assets of

individuals who have . . . fraudulently" come to the United States to obtain recognition.  (Markus

Motion to Vacate MOL, *Markus Case*, ECF Doc. # 70 at 20-21.)  This "virus of corruption . . .

poses a clear danger to the integrity of the American judicial process."  (Bank Motion to Vacate

MOL, *Bank Case*, ECF Doc. # 107 at 27.)  Worms offers no competent factual support for his

assertions.  Because Worms offers no factual or legal support to show that the procedures that

---

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that
requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

were used in Russia in the two foreign proceedings do not meet our standards of fairness, section 1506's public policy exception does not apply.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Markus Motion to Vacate, *Markus Case*, ECF Doc. # 70, and the Bank Motion to Vacate, *Bank Case*, ECF Doc. # 106, are **DENIED.**

**IT IS SO ORDERED.**

Dated:    October 8, 2019
          New York, New York

*Martin Glenn*
_____
MARTIN GLENN
United States Bankruptcy Judge